UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH,

    Plaintiff,

v.

DANIELLE ROBERTSON,

    Defendant.

Case No. 24-12213
Honorable Laurie J. Michelson

---

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [18] AND SETTING ASIDE ENTRY OF DEFAULT [12]**

---

On August 23, 2024, Kimberly Smith sued Danielle Robertson for copyright infringement, invasion of privacy, and defamation. (ECF No. 1.) In October of 2024, she obtained a clerk's entry of default (ECF No. 12), then moved for the Court to enter a default judgment against Robertson (ECF No. 18).[1] But Smith cannot obtain a default judgment (or clerk's entry of default) until she has properly served the defendant. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("[I]f service of process was not proper, the court must set aside an entry of default."), *overruled in part on other grounds*, *Morgan v. Sundance, Inc.*, 596 U.S. 411, 416 & n.1 (2022); *see also Faber v. PNA Transp., LLC*, No. 19-00849, 2024 U.S. Dist. LEXIS 94820, at *4 (N.D. Ohio May 29, 2024) ("[I]f service of process was

---

[1] Robertson has since "specially appear[ed] for the limited purpose of challenging jurisdiction, venue, and service." (ECF No. 20, PageID.140.) She asserts, among other things, that "Danielle Robertson" is not her legal name. (*Id.* at PageID.142.) For the sake of clarity, the Court refers to the defendant as Robertson here. The Court will address Robertson's other arguments in a separate order.

improper, the court lacks jurisdiction, which makes the default judgment void, and the court must grant relief from the judgment."). She has not done so. The Court thus denies Smith's motion for default judgment.

## I.

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected."

In Delaware, where Smith says Robertson resides (ECF No. 1, PageID.2) and where Smith attempted to effect service (*see* ECF No. 10), process "may be served on the defendant in the manner prescribed by any rule of court, or by stating the substance of it to the defendant personally, or by leaving a copy of it at the defendant's usual place of abode, in the presence of some adult person." Del. Code Ann. tit. 10, § 3103(a); *see* Del. Super. Ct. R. 4(f)(1)(I) (providing that service may be made on an individual by delivering the summons and complaint "to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering copies thereof to an agent authorized by appointment or by law to receive service of process"); *see also* Fed. R. Civ. P. 4(e)(2)(B) (providing that service may be made on an individual in the United States by "leaving [process] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there").

And here in Michigan, a nonresident individual may be served by:

(1) delivering a summons and a copy of the complaint to the defendant personally; or

2

>   (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

Smith fails to carry her burden of showing she properly served Robertson under Delaware, Michigan, or federal law.

For starters, Delaware law requires personal service, and Smith contends only that she has served Robertson by mail. *See Fieni v. Townsend*, 221 F. Supp. 3d 528, 531 (D. Del. 2016) (denying Pennsylvania resident's *pro se* motion for default judgment against Delaware resident where plaintiff sent summons by mail and explaining that "[t]hese [Delaware] rules *require personal service*, and it was insufficient for plaintiff to mail her complaint to [defendant's] office" (emphasis added)); *Chapman v. Homecomings Fin. Servs., LLC*, No. 07-4553, 2008 WL 1859540, at *2 n.3 (E.D. Pa. Apr. 25, 2008) ("The Delaware rules of court do not provide for service by mail upon individual residents of Delaware . . . ."). So Smith has not properly served Robertson under Delaware law.

Michigan law, on the other hand, allows service on individuals "by registered or certified mail, return receipt requested, and delivery restricted to the addressee," Mich. Ct. R. 2.105(A)(2), which is what it appears Smith attempted here. She docketed a certificate of service containing a certified mail receipt, or "green card," showing that the summons and complaint were sent by certified mail to "8 The Green STE A, Dover, Delaware 19901" and addressed to Robertson. (ECF No. 10; *see* ECF

3

No. 1, PageID.2.) But there are several problems with this return receipt that preclude the Court from concluding that Robertson was properly served. *See Breezley v. Hamilton County*, 674 F. App'x 502, 505 (6th Cir. 2017) ("The plaintiff bears the burden of proving that service was proper." (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996))); *see also* Fed. R. Civ. P. 4(c).

Michigan law requires that the return receipt is "signed by the defendant" in order to show that "the defendant acknowledge[d] receipt of the mail." Mich. Ct. R. 2.105(A)(2). The return receipt that Smith docketed shows only that the summons and complaint were received by someone named "Benn":



(ECF No. 10, PageID.42.) "Benn" did not indicate that they are the "addressee" or Robertson's "agent." And, crucially, Smith has not given the Court any reason to believe that "Benn" is Robertson, such that this green card could constitute "return receipt signed by the defendant" under Michigan Court Rule 2.105(A)(2).

4

Smith at best suggests that "Benn" is a registered agent for Robertson. (*See* ECF No. 21-1, PageID.189 ("Plaintiff properly served the Defendant through her registered agent in accordance with Federal Rules of Civil Procedure."); *id.* at PageID.190 ("On September 16, 2024, Plaintiff served the summons and complaint on Defendant's registered agent. The executed proof of service was filed with the Court . . . ."); *id.* at PageID.191 ("Defendant argues that service was improper and jurisdiction is lacking. However, Plaintiff properly served Defendant's registered agent on September 16, 2024. A proof of service was filed and docketed in accordance with Rule 4 of the Federal Rules of Civil Procedure."). *But see* ECF No. 20, PageID.140 (Robertson asserting that "'Benn' . . . does not correspond to Defendant or any authorized agent").)

But "it is unclear whether such service is effective to the extent that [Robertson] was sued in [her] individual capacity." *Evans v. Robertson*,[2] No. 24-13435 (E.D. Mich. Jan. 29, 2025), ECF No. 11, PageID.98 (alterations in original) (quoting *Dortch v. First Fid. Mortg. Co. of Mich.*, 8 F. App'x 542, 546 (6th Cir. 2001)).

---

[2] Another Michigan resident, also proceeding *pro se*, has filed similar claims against "Danielle Robertson" in this District. *See Evans v. Robertson*, No. 24-13435 (E.D. Mich. filed Dec. 23, 2024). That case is before Judge Judith E. Levy and has been referred to Magistrate Judge Elizabeth A. Stafford for all pretrial matters. There, the plaintiff docketed a materially identical certificate of service, mailed to the same address as here and also signed by "Benn", *see Evans*, No. 24-13435, ECF No. 5, which Robertson similarly challenged. The court found that Robertson had not been properly served under Michigan, Delaware, or federal law and thus denied the plaintiff's motion for default judgment and set aside the clerk's entry of default. *See Evans v. Robertson*, No. 24-13435, 2025 WL 748143 (E.D. Mich. Feb. 13, 2025), *report and recommendation adopted*, 2025 WL 747856 (E.D. Mich. Mar. 7, 2025). The Court agrees with and incorporates that reasoning.

5

And while *substituted* service on a nonresident individual may be made through "an agent" pursuant to Michigan Court Rule 2.105(B)(1), that rule does not apply here, because Smith did not seek and the Court did not permit substituted service. *See Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 20-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) ("In Michigan, substituted service 'is not an automatic right.' A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service [by the Court under Michigan Court Rule 2.105(J)]." (citation modified)). Nor has Smith otherwise satisfied the requirements for substituted service under subsection (B), which requires *personal* service on an agent *in Michigan*. Mich. Ct. R. 2.105(B)(1); *see also Evans*, 2025 WL 748143, at *2 ("And even if Robertson authorized a registered agent to accept service on her behalf, the return receipt did not include the agent's name—only the address. A simple search reveals that at least two registered agents operate from the Dover address.").

## II.

For the above reasons, the Court concludes that Smith has not carried her burden of showing that she properly served Robertson under Michigan, Delaware, or federal law. The Court thus DENIES Smith's motion for default judgment (ECF No. 18) and ORDERS that the Clerk's entry of default (ECF No. 12) be set aside.

Because Robertson has been ordered in an analogous case, *see supra* note 2, to file a notice on November 3, 2025, identifying her postal address, *see Evans*, No. 24-

13435, ECF No. 74, PageID.778, the Court extends the time for service to November 10, 2025.

One final note. This case should not be litigated until the defendant is properly served. If, for example, the defendant continues to bring substantive motions that address anything other than service, the Court will deem her to have been properly served. For her part, Plaintiff should not be seeking further relief from the Court until service has been properly effectuated (either directly or by substituted means).

SO ORDERED.

Dated: September 30, 2025

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE