UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

      Plaintiff,

vs.

DANIELLE ROBERTSON.,

      Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING TELEPHONIC APPEARANCE (ECF NO. 58)**

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING TELEPHONIC APPEARANCE (ECF NO. 58)**

Defendant Danielle Robertson, appearing specially and without waiving any objections to jurisdiction, service, or any defenses under Federal Rule of Civil Procedure 12, respectfully moves for reconsideration of this Court's April 9, 2026 Order (ECF No. 58).

**I. STANDARD FOR RECONSIDERATION**

Under E.D. Mich. LR 7.1(h), reconsideration is appropriate where the Court and the parties have been misled by a palpable defect and correcting the defect would result in a different disposition of the issue.

**II. THE COURT'S ORDER RESTS ON A PALPABLE DEFECT REGARDING DEFENDANT'S LEGAL ARGUMENTS**

The Supreme Court has long recognized that anonymous speech is protected under the First Amendment. See Talley v. California, 362 U.S. 60 (1960).

The Court stated that Defendant "provides no case law" supporting her First Amendment anonymity position. (ECF No. 58, PageID.585.)

However, this is factually incorrect.

Defendant raised First Amendment concerns regarding compelled identification in both her Motion to Appear Telephonically and her Opposition (ECF No. 56). In her Opposition, Defendant further supported those arguments with controlling legal authority, including:

- *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 845 (6th Cir. 1983) (default judgment not automatic) (PageID.530);

- *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (jurisdiction required) (PageID.530);

- *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (legal conclusions insufficient) (PageID.530–531);

- *McIntyre v. Ohio Elections Commission*, 514 U.S. 334, 342 (1995) (anonymous speech protected) (PageID.546);

- *Dendrite Int'l, Inc. v. Doe No. 3*, 342 N.J. Super. 134 (2001) (prima facie showing required before unmasking) (PageID.546).

(ECF No. 56, PageID.530–531, 546.)

These arguments were part of the record before the Court and addressed the same constitutional concerns underlying Defendant's request for remote participation.

Defendant did not rely on bare assertions, but presented both argument and supporting authority within the record addressing anonymous speech and compelled identification.

Thus, the record demonstrates that Defendant did, in fact, cite relevant legal authority, including authority directly addressing anonymous speech.

This constitutes a palpable defect because the Court's conclusion that Defendant provided "no case law" materially affected its evaluation of Defendant's First Amendment arguments.

## III. THE ORDER IMPROPERLY ASSUMES A VALID COPYRIGHT CLAIM THAT HAS NOT BEEN ESTABLISHED

The Court further relied on copyright-specific precedent to reject Defendant's First Amendment argument, stating:

"The First Amendment does not… provide a license for copyright infringement."
(ECF No. 58, PageID.585.)

However, this reasoning presupposes that Plaintiff has established a legally viable copyright claim.

She has not.

### A. Plaintiff Failed to Establish Copyright Registration

Defendant expressly raised this issue in her Opposition:

"Plaintiff provides no evidence of a valid copyright registration… Without a valid registration, the Court lacks subject matter jurisdiction."
(ECF No. 56, PageID.540–541.)

Defendant further cited controlling law:

17 U.S.C. § 411(a) and *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC* (ECF No. 56, PageID.540.)

Plaintiff has not provided any evidence of a valid copyright registration—either at the time of filing in August 2024 or by the Court-ordered deadline of March 25, 2026.

Defendant has conducted a reasonable search of the United States Copyright Office database and has not identified any registration corresponding to Plaintiff prior to the filing of this action.

Under 17 U.S.C. § 411(a) and *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, a copyright registration is a prerequisite to filing an infringement claim and must exist prior to commencement of the action.

This problem is especially clear as to copyright. Federal law provides that a civil copyright infringement action for a United States work may not be instituted until preregistration or registration has been made, and *Fourth Estate* confirms that registration must exist before suit is filed. Plaintiff filed this case in August 2024, yet Defendant's Opposition identifies no proof of registration in the record, and Plaintiff's March 25 submission still did not supply a registration number, certificate, or Copyright Office action. (ECF No. 56, PageID.540–541; ECF No. 51, PageID.457–458.)

The Court specifically required Plaintiff to establish the elements of her claims, including jurisdiction, by March 25, 2026. Plaintiff did not provide a registration number, certificate, or any evidence of Copyright Office action by that deadline.

Because the registration requirement must be satisfied prior to filing, the absence of a valid registration at the time this action was commenced cannot be cured retroactively.

Accordingly, the record does not demonstrate the existence of a valid copyright claim, and the Court's analysis relying on copyright principles rests on an unproven assumption.

**B. The Court's March 17 Order Required Plaintiff to Prove Jurisdiction**

The Court required Plaintiff to establish subject matter jurisdiction and the elements of her claims by March 25, 2026. (ECF No. 51, PageID.457–458.)

Defendant respectfully submits that the Court's March 17, 2026 Order properly required Plaintiff to support each claim element-by-element and to provide evidentiary support for the claims actually pleaded. As shown in Defendant's Opposition, Plaintiff did not do so. Instead of supplying evidence for the allegations in the Complaint, Plaintiff's later submission relies on new allegations, post-filing materials, and third-party content that expand beyond the pleadings rather than substantiate the original claims. (ECF No. 56, PageID.536–540.)

That distinction matters. The issue is not whether Plaintiff has added more accusations, but whether Plaintiff has supported the claims she already filed. The Court's March 17 Order required proof directed to the pleaded claims and their elements, not an expanded record based on new allegations. (ECF No. 51, PageID.457–458.)

Yet Plaintiff's submission failed to provide:

- any copyright registration number

- any registration certificate

- any evidence of Copyright Office action

Even upon default, the Court must ensure that the pleadings and supporting submissions establish a legally sufficient claim before entering judgment. See United Coin Meter Co., 705 F.2d at 845.

## C. Without Copyright, Federal Jurisdiction Is Not Established

Defendant further explained:

"Without a valid federal claim, Plaintiff must establish diversity jurisdiction…" (ECF No. 56, PageID.532.)

Plaintiff failed to do so.

## IV. THE COURT'S RELIANCE ON COPYRIGHT CASES WAS PREMATURE AND LEGALLY DEFECTIVE

Because Plaintiff has not established a valid copyright claim, the Court's reliance on copyright-specific precedent (ECF No. 58, PageID.585) constitutes a legal error.

The principle that the First Amendment does not protect copyright infringement applies only where a valid copyright claim exists.

Here, that threshold requirement has not been met.

Courts addressing anonymous speakers have required a threshold showing that a plaintiff has asserted a legally sufficient claim supported by evidence before permitting disclosure of identity, and have emphasized the need to balance First Amendment interests prior to compelled identification. See Signature Management Team, LLC v. Doe; Dendrite Int'l, Inc. v. Doe No. 3; Doe v. Cahill.

As binding Sixth Circuit authority, Signature Management Team requires courts to balance the plaintiff's interest against the defendant's First Amendment rights before permitting disclosure of identity.

Defendant respectfully submits that these principles apply to compelled disclosure of identity, including disclosure through physical appearance in a public courtroom. The Court's discretion to control proceedings is not absolute and must be exercised consistent with First Amendment protections, including balancing the need for disclosure against the right to anonymous speech. Requiring Defendant to appear in person before such a threshold showing is made raises concerns that Defendant's identity may be disclosed without the balancing analysis described in these cases.

Here, Plaintiff has not established a legally sufficient claim. As reflected in the record, Plaintiff has not demonstrated a valid copyright registration, has not identified specific defamatory statements, and has not supported the elements of her claims. Absent such a showing, compelled disclosure of Defendant's identity is premature.

Defendant respectfully submits that the issue is not whether a party may be required to attend court proceedings, but whether identity may be compelled before the legal sufficiency of the claims has been established.

Defendant respectfully submits that while courts may require participation, such authority must be exercised in a manner consistent with constitutional protections. A pseudonym protects a name, but it does not protect against compelled disclosure of identity through physical appearance, which necessarily reveals identifying characteristics beyond the name itself. The

First Amendment protection asserted here extends to protection against compelled identification in any form, not merely disclosure of a legal name.

Accordingly, requiring Defendant to appear in person under these circumstances compels disclosure of identifying characteristics before Plaintiff has established a legally sufficient claim, raising substantial constitutional concerns and resulting in irreparable harm because such disclosure cannot be undone, even if Defendant ultimately prevails on the merits.

Accordingly, the Court's analysis rests on an unproven assumption and constitutes a palpable defect. This defect is material because the Court's analysis of Defendant's First Amendment arguments and the requirement of in-person appearance rests on the assumption that Plaintiff has established a legally viable claim. Where that threshold showing has not been made, compelling in-person participation raises significant constitutional concerns.

## V. ADDITIONAL FACTS DEMONSTRATING PALPABLE DEFECT AND PREJUDICE

Defendant respectfully clarifies that she is not refusing to attend the hearing. Rather, Defendant is unable to attend in person due to the burden of travel, including financial and logistical constraints. Defendant previously requested remote participation in good faith as a practical means of participation. Defendant also preserves her First Amendment interest in anonymity, as an in-person appearance would result in irreversible disclosure of identity.

Defendant is not a registered CM/ECF user and has not consented to electronic service. Defendant becomes aware of filings through review of the public docket. Defendant was not served with Plaintiff's proposed judgment (ECF No. 41), and that filing does not appear to include a certificate of service. Multiple filings similarly lack certificates of service, creating uncertainty as to whether proper service was effected.

Defendant's Motion to Appear Telephonically (filed April 3, 2026) was not entered on the docket until April 8, 2026. Defendant respectfully requests that the Court consider the actual filing date in evaluating timeliness, as Defendant complied with the Court's deadlines.

Defendant incorporates the jurisdictional defect regarding lack of copyright registration as set forth in Section III.A.

Plaintiff's submission expands the narrative rather than supplying evidence for the claims as pleaded, which does not satisfy the Court's March 17 Order.

Even upon default, Plaintiff cannot obtain judgment merely by labeling conduct as defamation or invasion of privacy; Plaintiff must identify specific statements and facts satisfying each element of each claim, which has not been done.

The same deficiency appears across all claims:

- Plaintiff asserts copyright infringement without demonstrating a valid registration;

- Plaintiff alleges defamation without identifying specific statements attributable to Defendant;

- Plaintiff asserts invasion of privacy without providing supporting facts establishing the required elements.

Defendant further notes that Plaintiff has not identified specific allegedly defamatory statements attributable to Defendant, and Plaintiff's submissions do not include exhibits demonstrating that such statements were made.

The absence of identified statements is reflected not only in Defendant's Opposition but also in Plaintiff's own filings, which do not contain evidence of the alleged defamatory content.

Defendant further notes that the content at issue, as described in the record, concerns matters derived from publicly available information and Plaintiff's own disclosures. As such, Plaintiff's claims do not appear to involve private facts, and the record does not demonstrate the elements required for an invasion of privacy claim.

Defendant does not raise Rule 11 here to reargue sanctions. The ongoing deficiencies reflect the same concerns previously identified—namely, lack of evidentiary support for the pleaded claims.

Defendant respectfully submits that the issue before the Court is not one of credibility, but whether Plaintiff has met the legal and evidentiary requirements necessary to sustain her claims.

Defendant respectfully acknowledges the Court's interest in assessing credibility. Defendant does not challenge that consideration.

Defendant's position is that the evidentiary support required by the Court's March 17, 2026 Order is not present in the record.

The Court directed Plaintiff to provide an element-by-element showing supported by evidence by March 25, 2026. Defendant respectfully submits that such evidentiary support was not provided.

As reflected in the record and Defendant's Opposition, Plaintiff has not identified specific defamatory statements, has not provided evidence supporting the elements of her claims, and has not demonstrated a valid copyright registration.

Defendant raises this issue not to dispute credibility considerations, but to note that the required evidentiary foundation identified by the Court has not been established.

Defendant respectfully submits that the record, as it currently stands, does not contain the evidence the Court required to support the claims asserted. Defendant raises this point to assist the Court in evaluating the sufficiency of Plaintiff's claims.

Defendant respectfully submits that, under the principles recognized in In re Knoxville News-Sentinel Co., Inc., courts consider whether measures affecting constitutional interests are appropriately tailored to their purpose.

## VI. RELIEF REQUESTED

Where less restrictive means exist to conduct proceedings without compelling disclosure of identity, courts may consider whether less restrictive alternatives are available over measures that unnecessarily burden First Amendment protections.

Defendant respectfully submits that the Court is best positioned to determine appropriate procedures for conducting the hearing. To the extent the Court finds that participation is required, Defendant respectfully requests that the Court consider implementing reasonable protective measures that would allow for participation while minimizing unnecessary disclosure of Defendant's identity.

Defendant does not seek to dictate the manner in which the Court conducts its proceedings, but respectfully notes that courts have discretion to adopt procedures that balance participation with constitutional and privacy considerations.

Such measures may include limitations on disclosure, controlled participation methods, or other safeguards the Court deems appropriate under the circumstances.

Defendant raises this point in light of the First Amendment interests implicated by compelled identification and the absence of a demonstrated evidentiary basis for Plaintiff's claims at this stage.

Defendant respectfully submits that these considerations can be addressed through procedures tailored by the Court without requiring unnecessary or premature disclosure of identity.

Defendant appreciates the Court's consideration of this matter and expresses a good-faith intent to participate in the proceedings. Defendant respectfully submits that remote participation remains the least restrictive means of allowing such participation without risking premature disclosure of identity or imposing unnecessary burden.

Defendant respectfully submits that requiring in-person appearance under these circumstances raises concerns as to whether less restrictive means could adequately serve the Court's objectives, particularly where threshold issues regarding the sufficiency of Plaintiff's claims remain unresolved.

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Reconsider its April 9, 2026 Order (ECF No. 58);

2. Vacate the denial of Defendant's request to appear remotely;

3. Permit Defendant to appear by telephonic or remote means;

**OR, in the alternative:**

4. Adjourn the hearing pending resolution of threshold jurisdictional issues, including whether Plaintiff has established a valid copyright claim.

**VII. CONCLUSION**

The Court's Order rests on two material defects:

- the incorrect conclusion that Defendant cited no legal authority; and

- the assumption of a valid copyright claim that has not been established on the record.

Correcting these defects warrants reconsideration.


**VIII. PRESERVATION OF RIGHTS**

Defendant respectfully submits this motion to preserve and clarify the record and does not waive any objections, defenses, or appellate rights.

Defendant expressly preserves all arguments raised in prior filings, including those set forth in Defendant's Opposition (ECF No. 56), and incorporates those arguments herein by reference.

Nothing in this motion shall be construed as consent to jurisdiction, waiver of service defects, or waiver of any constitutional protections, including Defendant's First Amendment rights.


**Danielle Robertson, Pro Se (improperly named)**


Defendant does not designate this address for service of process and does not waive objections to service, jurisdiction, or identity.
4539 N 22ND ST
PHOENIX, AZ 85016-4639
United States
DaniMontana2022@gmail.com

Date: April 9, 2026

**CERTIFICATE OF SERVICE**

> I hereby certify that on April 9, 2026, a true and correct copy of this Motion was served upon Plaintiff Kimberly Smith via ECF