UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

        Plaintiff,

vs.

DANIELLE ROBERTSON.,

        Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**NOTICE OF INABILITY TO APPEAR
AND SUPPLEMENTAL CLARIFICATION
OF RECORD**

## NOTICE OF INABILITY TO APPEAR AND SUPPLEMENTAL CLARIFICATION OF RECORD

Defendant, appearing pro se and preserving all rights and defenses, respectfully submits this Notice to inform the Court that she is unable to appear in person at the scheduled hearing due to financial hardship and the burden of travel, as well as ongoing First Amendment anonymity concerns. While the Court has permitted appearance under a pseudonym, such accommodation does not address the financial burden associated with travel and lodging.

Defendant previously requested remote participation, which was denied. Defendant remains unable to appear in person due to financial hardship and the burden of travel, but remains available to appear via video for the limited purpose of allowing the Court to assess credibility consistent with pseudonymous participation.

Defendant does not waive any arguments, including those raised in her previously filed opposition and supporting exhibits.

1

This supplemental filing is necessitated by Plaintiff's recent public statements and expressed intent to introduce additional arguments and third-party materials at the hearing that were not contained in the pleadings or prior submissions.

Accordingly, Defendant provides the following clarifications to address those developments and to ensure the record accurately reflects the issues properly before the Court. Defendant does not intend to reargue matters previously presented, but submits these clarifications solely to address Plaintiff's recent statements and related developments. Defendant further provides the following clarifications based on the existing record and Plaintiff's recent public statements:

## I–III. INCORPORATION OF PRIOR ARGUMENTS (ECF NO. 56)

Defendant incorporates by reference the arguments set forth in her Opposition (ECF No. 56) regarding the absence of actionable statements, the non-attribution of third-party content, lack of copyright registration and the public nature of the information at issue. These issues are not re-argued here.

## IV. LACK OF CAUSATION AND FAILURE TO ESTABLISH DAMAGES

**Supplemental Clarification Regarding Monetization and Platform Enforcement**

The timeline of Plaintiff's alleged damages further undermines any claim of causation. Plaintiff filed this action on or about August 23, 2024. However, the alleged loss of monetization did not occur until November 17, 2025—over one year after the filing of this action.

The alleged loss of monetization occurred more than one year after the filing of this action and resulted from independent platform enforcement decisions based on policy violations, not Defendant's conduct.

Plaintiff provides no financial records or other competent evidence establishing that Defendant caused any quantifiable damages.

Plaintiff's damages claims are further undermined by her own sworn representations to the Court. In her application to proceed without prepaying fees, Plaintiff stated under penalty of perjury that her sole income consisted of approximately $850 per month in disability benefits and that she was not employed or self-employed. (ECF No. 2.)

Plaintiff now seeks damages based on alleged monetization and "exploitation" of content, without reconciling these sworn statements. Plaintiff cannot represent that she has no business or self-employment income for purposes of obtaining a fee waiver, while simultaneously claiming damages based on monetized content.

Under Federal Rule of Civil Procedure 54(c), a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Plaintiff's complaint sought only general categories of damages, yet she now asserts substantially larger and shifting monetary demands not reflected in the original pleading or supported by the record.

Plaintiff's shifting damages are further reflected in the progression of her filings. In her Motion for Default Judgment, Plaintiff sought approximately $400,000 in damages, including amounts attributed to copyright-related claims. (ECF No. 40.)

3

In subsequent submissions, Plaintiff reduced the total to approximately $300,000 while reallocating the categories of damages and omitting any allocation for copyright-related recovery. (ECF No. 53.)

This unexplained reduction and reallocation of damages—together with the removal of copyright-based claims—demonstrate that Plaintiff's damages are not based on a consistent methodology or evidentiary support, but instead reflect evolving and speculative positions.

Plaintiff's requested relief is also improper because it differs in kind from the claims asserted in the Complaint. The original pleading did not assert claims for "false light" or monetization-based "exploitation," yet Plaintiff now seeks damages based on those theories. Such newly asserted claims cannot form the basis for default judgment because they were not pled and did not provide Defendant with notice.

Plaintiff's shifting damages requests are further reflected in the evolution of her filings throughout this case. These shifting theories and amounts do not reflect a consistent claim supported by evidence, but rather evolving positions that exceed the scope of the pleadings.

## V. LIMITED PURPOSE PUBLIC FIGURE STATUS

Plaintiff's own conduct reflects voluntary participation in public online discourse, including hosting broadcasts discussing Defendant and this case. Under these circumstances, Plaintiff qualifies at minimum as a limited purpose public figure and must establish actual malice. See Gertz v. Robert Welch, Inc.

## VI. PRIOR RELATED ACTION AND REPEATED DEFICIENCIES

Defendant further notes that Plaintiff previously filed a substantially similar action before this Court in Smith v. Robertson, Case No. 2:2024-cv-10009 (E.D. Mich.), which was dismissed for failure to establish jurisdiction and legal sufficiency. Plaintiff's April 10 admission confirms that the prior action was not pursued on the merits, stating that she "didn't care about that getting thrown out." Despite that prior dismissal and the Court's guidance, Plaintiff has again failed to identify a specific actionable statement.

## VII. LIMITATION TO PLEADINGS AND RECORD

Plaintiff's stated intent to introduce additional materials at the hearing further underscores the need to limit consideration to the pleadings and properly submitted record.

To the extent Plaintiff attempts to introduce new allegations, materials, or theories at the hearing, Defendant respectfully notes that claims must be evaluated based on the pleadings and the record. Plaintiff's continued references to harassment and third-party conduct further expand the scope of the case beyond the pleadings, without establishing the required elements of any asserted claim. These expansions materially alter the nature of the case beyond what was originally pled.

## VIII. PLAINTIFF'S APRIL 10, 2026 STATEMENTS AND RELATED CONDUCT

Plaintiff's April 10, 2026 video is available at:

https://www.youtube.com/watch?v=6CABK38bQxc

Plaintiff states, inter alia:

- "You got me demonetized. You're going to pay." (12:15–12:18)

- "You getting me demonetized you're going to pay one way or another…" (01:15:31)
- "I am definitely going after Discovery." (01:32:42)

Plaintiff also stated that her prior filing "didn't care about that getting thrown out…" (01:12:42).

These statements reflect a damages theory based on attribution rather than evidence, as well as a lack of intent to pursue prior claims on the merits.

The video further reflects Plaintiff's continued use of Defendant as a subject of ongoing profitable content via donations, undermining any claim of irreparable harm.

Plaintiff also stated:

- "They will find out who you are…" (00:59:32–00:59:39)
- "That's how I'm going to find out who you are through YouTube." (01:00:20)

These statements emphasize the use of litigation to obtain identifying information rather than to establish the elements of her claims. (Defendant has preserved a copy of this video.) Keep in mind that the plaintiff had already submitted subpoenas without the court's approval, including a criminal one.

Plaintiff's statements further reflect an intent to use this litigation to obtain identifying information about Defendant rather than to establish the elements of her claims. These statements reflect an improper attempt to expand the purpose of this proceeding beyond adjudication of the claims pled. See also Exhibit A and Exhibit V (ECF No. 56).

6

The April 10, 2026 broadcast further reflects that Plaintiff not only discusses Defendant but does so in a panel format involving third parties who engage in derogatory and hostile commentary directed at Defendant. Plaintiff participates in, agrees with, and facilitates these discussions in real time. This conduct demonstrates that Plaintiff is not merely the subject of third-party speech, but is actively hosting, amplifying, and endorsing it on her own platform.

Separately, Plaintiff has indicated an intent to rely on statements and content created by other third parties that were neither created, published, nor hosted by Defendant. To the extent Plaintiff's claims rely on such third-party materials, they constitute independent speech not attributable to Defendant and cannot form the basis for liability.

At the same time, Plaintiff's facilitation of third-party commentary on her own platform directly undermines her claims of harm and any request for equitable relief. Ultimately, Plaintiff's own conduct reflects ongoing participation in the very type of speech she seeks to restrain, which is inconsistent with any claim of irreparable harm.

## IX. INJUNCTIVE RELIEF IS UNWARRANTED

Plaintiff's request for injunctive relief is further undermined by her own ongoing conduct. The record reflects that Plaintiff continues to publish and discuss Defendant, including through panel-style broadcasts involving third parties who use derogatory language toward Defendant.

Plaintiff not only permits but facilitates and participates in these discussions, while simultaneously seeking to hold Defendant responsible for similar or related speech. A party cannot seek injunctive relief based on alleged harm from public commentary while continuing to engage in and promote the same type of conduct. Additionally, to the extent Plaintiff relies on

third-party statements or conduct to support her claims, such material is not attributable to Defendant and cannot form the basis for liability. Under these circumstances, Plaintiff cannot establish irreparable harm or entitlement to injunctive relief.

## X. CONCLUSION

For the foregoing reasons, and based on the existing record as well as Plaintiff's recent statements, Defendant respectfully submits that Plaintiff has failed to establish the essential elements of her claims, including the identification of any actionable statement, causation, or cognizable damages. Defendant further submits that Plaintiff's evolving legal theories, reliance on third-party content, and continued participation in the underlying conduct preclude any entitlement to damages or injunctive relief.

Accordingly, Defendant respectfully submits that Plaintiff's claims should be evaluated based solely on the pleadings and the properly submitted record, and that any relief not supported by law or competent evidence should be denied.

**Danielle Robertson, Pro Se (improperly named)**

Defendant does not designate this address for service of process and does not waive objections to service, jurisdiction, or identity.
4539 N 22ND ST
PHOENIX, AZ 85016-4639
United States
DaniRobertson@proton.me

Date: April 11, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2026, a true and correct copy of this Motion was served upon Plaintiff Kimberly Smith via ECF