UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

KIMBERLY SMITH,
Plaintiff,

v.

DANIELLE ROBERTSON,
Defendant.


Case No. 2:24-cv-12213-LJM-KGA
Hon. Laurie J. Michelson


**PLAINTIFF'S CORRECTED RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 75)**


## I. INTRODUCTION

Plaintiff submits this corrected response in compliance with Local Rule 5.1 following the Court's Order striking the prior response (ECF No. 77). Defendant's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) should be denied in its entirety. Defendant improperly attempts to relitigate issues already decided and fails to meet the high standard required for relief from a final judgment.

## II. LEGAL STANDARD

Relief under Rule 60(b) is extraordinary and granted only in exceptional circumstances. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). A Rule 60(b) motion is not a substitute for appeal. McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002).

## III. ARGUMENT

### A. Improper Relitigation

Defendant's motion attempts to reargue facts and credibility, which is not permitted under Rule 60(b).

## B. No Excusable Neglect

Defendant's delay was entirely within her control and does not constitute excusable neglect.

## C. Jurisdiction Arguments Waived

Defendant waived jurisdictional objections by failing to raise them timely and by participating post-judgment.

## D. Judgment Not Void

A judgment is not void simply because a party disagrees with the outcome.

## E. No Fraud or Misconduct

Defendant provides no credible evidence of fraud preventing her from defending the case.

## F. No Extraordinary Circumstances

Defendant fails to demonstrate extraordinary circumstances required under Rule 60(b)(6).

## IV. CONDUCT SUPPORTS DENIAL

Defendant has engaged in delayed and improper filings, further supporting denial.

## V. REQUEST FOR SANCTIONS (IN THE ALTERNATIVE)

Defendant's continued filings demonstrate a pattern of repetitive, procedurally improper, and unsupported motions that unnecessarily multiply these proceedings. Defendant has filed or attempted to file multiple overlapping motions seeking the same relief under different procedural rules, including Rules 60(b) and 59(e). Defendant has submitted filings that have been previously stricken by the Court. Defendant has repeatedly attempted to relitigate issues already decided. Defendant has failed to comply with Court rules and procedural requirements. Defendant has engaged in conduct that imposes unnecessary burden on both Plaintiff and the Court. Such conduct raises concerns under Federal Rule of Civil Procedure 11(b) and the Court's inherent authority to manage its docket and prevent abuse of the judicial process. While Plaintiff does not presently move for sanctions under Rule 11, Plaintiff respectfully requests that the Court take note of Defendant's pattern of conduct. Should Defendant continue to file repetitive, improper, or unsupported motions, Plaintiff reserves the right to seek appropriate sanctions, including filing restrictions, monetary sanctions, and any other relief the

Court deems just and proper.

## VI. CONCLUSION

Defendant's motion is not a proper Rule 60(b) motion—it is an attempt to obtain a second bite at the apple. Plaintiff respectfully requests denial of the motion.

## CERTIFICATE OF SERVICE

I certify that on April 27, 2026, I electronically filed the foregoing using the ECF system.

Respectfully submitted,

/s/ Kimberly Smith
Kimberly Smith
Plaintiff, Pro Se