**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

KIMBERLY SMITH,
Plaintiff,

v.

DANIELLE ROBERTSON,
Defendant.

Case No. 2:24-cv-12213-LJM-KGA
Hon. Laurie J. Michelson

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
ALTER OR AMEND JUDGMENT (ECF No. 79)**

## I. INTRODUCTION

Defendant's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) should be denied in its entirety. The motion does not identify any clear error of law, newly discovered evidence, or manifest injustice. Instead, Defendant attempts to relitigate issues already decided by the Court and to reargue factual matters that were considered in the Court's entry of judgment. Rule 59(e) is not a vehicle for reargument, and Defendant's motion falls squarely within that prohibited use.

## II. LEGAL STANDARD

Relief under Rule 59(e) is an extraordinary remedy and is granted only to correct a clear error of law, account for newly discovered evidence, or prevent manifest injustice. See GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804 (6th Cir. 1999). A Rule 59(e) motion is not an opportunity to reargue the case or present arguments that could have been raised prior to judgment.

## III. ARGUMENT

**A. Defendant Improperly Seeks to Relitigate Issues Already Decided**

Defendant repeatedly asserts that the Court's findings cannot be reconciled with the record. However, this reflects mere disagreement with the Court's analysis and conclusions.

**B. Defendant Failed to Participate When Given the Opportunity**

Defendant's motion attempts to challenge the evidentiary basis despite failing to appear and participate when given the opportunity. Such failure does not provide a basis for Rule 59(e) relief.

**C. Defendant Presents No New Evidence or Basis for Relief**

Defendant does not present newly discovered evidence and instead relies on arguments available prior to judgment.

**D. The Court's Damages Determination Was Within Its Discretion**

The Court properly exercised its discretion in awarding damages based on the record and testimony presented.

**E. Defendant's Motion Improperly Expands Beyond the Scope of Rule 59(e)**

The motion spans arguments on causation, credibility, and facts already considered, which is improper under Rule 59(e).

**F. No Manifest Injustice Exists**

Defendant fails to demonstrate manifest injustice. Disagreement with the outcome is insufficient.

**IV. CONCLUSION**

Defendant's motion does not meet the Rule 59(e) standard and should be denied in its entirety.

**CERTIFICATE OF SERVICE**

I certify that on April 29, 2026, I electronically filed the foregoing using the ECF system.

Respectfully submitted,

/s/ Kimberly Smith
Kimberly Smith
Plaintiff, Pro Se