UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH,

     Plaintiff,

v.

DANIELLE ROBERTSON,

     Defendant.

Case No. 24-12213
Honorable Laurie J. Michelson

---

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT [75] AND MOTION TO ALTER/AMEND JUDGMENT [79]**

---

Kimberly Smith and Danielle Robertson are YouTubers who have history. After Smith sued Robertson for copyright infringement and defamation/invasion of privacy (ECF No. 1), Robertson evaded service. The Court allowed alternate service (ECF No. 31) and Smith complied. (ECF No. 51, PageID.456 (explaining that "[S]mith's proof of service of process shows that service *was* proper because Smith completed all three steps ordered by the Court in its order granting alternate service.").) A clerk's entry of default was ultimately entered against Robertson for failing to timely respond to the complaint. (ECF No. 39.) The Court later conducted a hearing on Smith's motion for default judgment to get more information about damages. Following that hearing, the Court entered a reduced default judgment in favor of Plaintiff Kimberly Smith. (ECF No. 63.)

Robertson has not remained silent. After the default was entered and Smith started seeking a default judgment, Roberston filed motions for sanctions, to dismiss

the complaint, and challenges to service and jurisdiction—all while claiming she is not appearing or acceding to the Court's jurisdiction. Indeed, since receiving notice of this case, Robertson has filed two motions to dismiss (ECF Nos. 20, 42), three motions to set aside default (or alternatively to vacate as void) (ECF Nos. 20, 46, 48), one motion to strike fee waiver (ECF No. 20), one motion for joinder (ECF No. 42), one motion for a request for protective measures (ECF No. 20), and one motion for sanctions (ECF No. 44). She has further sought to litigate this case on a "limited appearance" basis, which this District's local rules generally do not allow. *See* E.D. Mich. LR 83.25(c). These efforts have failed. The Court has repeatedly found that service and jurisdiction were proper. (*See, e.g.*, ECF No. 51.) Robertson now tries again. She has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (ECF No. 75), as well as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) (ECF No. 79). Neither persuade.

First, a threshold point is warranted. As a result of the default entered against her, Robertson "is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *See FenF, LLC v. Tamilees Emporium LLC*, No. 24-11987, 2025 WL 3896859, at *2 (E.D. Mich. Oct. 30, 2025). So while Robertson may challenge the amount of damages, she cannot challenge the well-plead facts in Smith's complaint.[1]

---

[1] The Court dismissed Smith's copyright claim at the hearing after Smith conceded that she did not have a copyright registration over the videos at issue.

**I.**

Start with Robertson's motion under Federal Rule of Civil Procedure 60(b). Relief under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000). "[T]he district court's discretion to vacate [a] judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). The party seeking relief under Rule 60(b) "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). A Rule 60(b) motion "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Arsan v. Keller*, 784 F. App'x 900, 917 (6th Cir. 2019).

Robertson brings her motion under Rules 60(b)(1), (3), (4), and (6). The Court addresses each in turn.

**A.**

Under Federal Rule of Civil Procedure 60(b)(1), the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) "'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake . . . , or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794, 799 (6th Cir. 2020) (citation omitted). Smith alleged

3

sufficient facts, now admitted by Robertson, that Robertson accused her of fraud and having a felony conviction. (ECF No. 1, PageID.4, 14.) The Court did not make a "substantive mistake of law or fact" when it entered a limited default judgment in favor of Smith on her defamation and related invasion of privacy claim, nor has Robertson offered any "excusable mistake" warranting relief under Rule 60(b)(1).

**B.**

Under Federal Rule of Civil Procedure 60(b)(3), the Court may provide relief from judgment based on fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "The sort of 'fraud' with which Rule 60(b)(3) is concerned is conduct by an opposing party or witness during the litigation that 'prevented the moving party from fully and fairly presenting his or her case.'" *Jasper v. Rockensuess*, No. 04-70067, 2006 WL 2811301, at *2 (E.D. Mich. Sept. 28, 2006) (citing *Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428 (6th Cir. 1996)). "Ordinarily, a movant must show that there was 'misconduct [not] known to the movant before judgment entered,' and 'that the misconduct adversely affected the fairness of the proceedings.'" *Oko v. City of Cleveland*, No. 21-2222, 2023 WL 6466160, at *8 (N.D. Ohio Oct. 4, 2023) (alteration in original) (quoting *Kline v. Mortg. Elec. Registration Sys.*, No. 08-408, 2016 WL 3926481, at *3 (S.D. Ohio July 18, 2016), *aff'd*, 704 F. App'x at 466–67). Robertson plainly fails to do so.

**C.**

Federal Rule of Civil Procedure 60(b)(4) provides relief if a "judgment is void." Fed. R. Civ. P. 60(b)(4). This "applies only in the rare instance where a judgment is

premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Stated differently, "[a] judgment is void under Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' One denial of due process under Rule 60(b)(4) is improper service of process; accordingly, 'if service of process is not proper, the judgment is void, and the court must set aside [the plaintiff's] default judgment.'" *Shipp v. Visions Sports Bar & Grill, Inc.,* No. 10–2598, 2011 U.S. Dist. LEXIS 143637, at *3–4 (W.D. Tenn. Dec. 12, 2011) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) and *Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001)); *see also Werner v. Kalamazoo Cmty. Mental Health & Substance Abuse Servs.*, No. 06-310, 2006 U.S. Dist. LEXIS 69453, at *10 (W.D. Mich. Sept. 19, 2007) (explaining that a "default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside under Rule 60(b)(4)") (quoting *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985))).

The Court has repeatedly rejected Robertson's arguments that it lacked jurisdiction and that there had been no proper service of process. (*See, e.g.*, ECF No. 51.) The Court will briefly reiterate: Service of process was accomplished by viable and effective alternate means; the Court had federal question jurisdiction over the copyright claim, supplemental jurisdiction (and likely diversity jurisdiction) over the state law claims; and the Court had personal jurisdiction over Robertson based on

5

both her actions directed toward the forum state that formed the basis of the defamation and invasion of privacy claim and the manner in which she has participated in this litigation. Her current motion establishes nothing to the contrary. And Roberton clearly had notice and an opportunity to be heard. So her arguments under Rule 60(b)(4) fail.

**D.**

Turning finally to Rule 60(b)(6), which may not provide relief "if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008). And "because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)," *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002), relief under subsection (6) is limited to "the most unusual and extreme situations," *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018), "where principles of equity *mandate* relief." *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013). *See Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) ("Particularly strict standards apply to motions made pursuant to Rule 60(b)(6) . . . "); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("Courts, however, must apply subsection (b)(6) only 'as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present.'").

Yet even assuming that Robertson could proceed under Rule 60(b)(6), she does not point to any "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Indeed, Rule 60(b)(6) does

not apply when a party "merely raises the same arguments this Court has previously considered and rejected." *Gales v. Charles*, No. 23-328, 2023 WL 3984311, at *3 (S.D. Ohio Apr. 4, 2023) (quoting *Penney v. United States*, Nos. 04-46, 11-35, 2015 WL 13664075, at *3 (E.D. Tenn. Nov. 24, 2015)); *see Prows v. City of Oxford*, No. 22-693, 2023 WL 7384684, at *5 (S.D. Ohio Nov. 8, 2023) ("[Plaintiff] reiterate[s] the issues, cases, and reasoning contained in his previous filings, which the Court already considered in reaching its previous judgment. And [s]he has shown no extraordinary circumstances that justify applying Rule 60(b)(6).") (citation omitted). So too here. Nor can Robertson use Rule 60(b)(6) to disregard the legal effect of a default and now seek to litigate the claims on the merits.

* * *

In sum, Robertson's motion fails under Rules 60(b)(1), (3), (4), and (6).

## II.

Robertson fares no better under Federal Rule of Civil Procedure 59(e). That rule empowers courts to, in the time "immediately following entry of judgment," correct its own errors by altering or amending the judgment. *See Knopp v. Nat'l Ry. Adjustment Bd.*, No. 23-3865, 2024 U.S. App. LEXIS 17867, at *5 (6th Cir. July 18, 2024) (citing *White v. N.H. Dep't of Employment, Sec.*, 455 U.S. 445, 450 (1982)). A district court "has considerable discretion in deciding whether to grant [a Rule 59(e)] motion." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *see also Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district

7

court."). But the Sixth Circuit has made clear that "[r]elief under this rule 'is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *See Maxwell v. Shoop*, No. 21-318, 2025 U.S. Dist. LEXIS 151009, at *2 (N.D. Ohio Aug. 6, 2025) (quoting *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)); *Rainworks Ltd. v. Mill-Rose Co.*, No. 06-1549, 2009 U.S. Dist. LEXIS 66623, at *3 (N.D. Ohio July 30, 2009) ("though frequently brought, [Rule 59(e) motions] are granted only in rare and unusual circumstances.") (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Indeed, motions pursuant to Rule 59(e) may only be granted for four reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC*, 616 F.3d at 615).

Robertson appears to rely on bases one and four. But her motion simply seeks to relitigate issues of service of process, personal jurisdiction, subject matter jurisdiction, and Smith's alleged failure to state a claim—all of which the Court has considered many times and rejected. (*See, e.g.*, ECF No. 51.) Yet Rule 59(e) is not a vehicle for re-argument or the presentation of evidence that could have been raised earlier. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *see also Maxum Indem. Co. v. Robbins Co.*, 784 Fed. Appx. 366, 373 (6th Cir. 2019) ("Rule 59(e) does not exist to correct a misguided legal strategy or litigate matters that could have been litigated previously."). "The Sixth Circuit has

'repeatedly' held that 'Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment' and that while Rule 59(e) allows 'for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Powers v. Sec'y of the HHS*, No. 16-13668, 2020 U.S. Dist. LEXIS 194825, at *3 (E.D. Mich. Oct. 21, 2020) (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).

And, once again, Robertson has "admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *FenF, LLC*, 2025 WL 3896859, at *2. Following briefing and a hearing, the Court limited Smith's recoverable damages. There is no clear error of law or manifest injustice in the entry of the default judgment. Robertson's Rule 59(e) motion thus fails.

### III.

Robertson had every opportunity to defend this case before entry of the default. Everything about her litigation conduct before and after its entry is what Rules 60(b) and 59(e) are designed to prevent. For the foregoing reasons, Robertson's motion for relief from judgment (ECF No. 75) and her motion to alter or amend judgment (ECF No. 79) are DENIED.

IT IS SO ORDERED.

Dated: May 1, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE