UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

        Plaintiff,

vs.

DANIELLE ROBERTSON.,

        Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**DEFENDANT'S MOTION TO QUASH
SUBPOENA**

## DEFENDANT'S MOTION TO QUASH SUBPOENA

Defendant Danielle Robertson, preserving all First Amendment and anonymity defenses,

respectfully moves this Court to quash the subpoena directed to Google LLC.

## I. INTRODUCTION

The subpoena should be quashed because it is an enforcement and collection-related subpoena

issued during the Rule 62(a) automatic stay and after this Court already dismissed Plaintiff's

attempt to compel collection-related information as premature.

On April 21, 2026, the Court dismissed Plaintiff Kimberly Smith's Motion to Compel

information allegedly relevant to collection on the default judgment as "premature." (ECF No.

72, PageID.695). Plaintiff should not be permitted to obtain through a third-party subpoena the

same account-identifying and collection-related information the Court has already deemed

premature.

Plaintiff's Motion to Compel confirms that Plaintiff served a subpoena on Google LLC seeking non-content identifying information. (ECF No. 71, PageID.684). Google's objection letter confirms that the subpoena implicates account-identifying information, user-notification rights, First Amendment anonymity concerns, Stored Communications Act limitations, and Rule 45 compliance defects. (ECF No. 71-1, PageID.686–692).

Defendant did not receive proper notice of the subpoena and was not given a meaningful opportunity to object before Plaintiff sought disclosure. The requested disclosure is especially improper because it seeks broad identifying and account information while post-judgment proceedings remain procedurally restricted, while damages and post-judgment relief remain disputed, and while the subpoena is not narrowly tailored to the limited claim the Court identified.

The subpoena should therefore be quashed, or at minimum stayed, until the Court determines that enforcement discovery is proper and that Plaintiff has made the required showing for compelled identification.

## II. THE SUBPOENA IS PREMATURE AND VIOLATES THE RULE 62(a) AUTOMATIC STAY

The judgment was entered on April 15, 2026. Under Federal Rule of Civil Procedure 62(a), execution on a judgment and proceedings to enforce it are automatically stayed for 30 days after entry unless the Court orders otherwise.

The Court recognized that "a limited stay of execution is already in place" and stated there was "no need for further motion practice on this issue while the automatic stay is in place." (ECF No. 70, PageID.682).

Despite that stay, Plaintiff pursued Google account-identifying information for collection and enforcement purposes. Plaintiff's Motion to Compel described the subpoena as seeking information to identify accounts, email addresses, IP login history, monetization/payment accounts, and related information. (ECF No. 71, PageID.684–685).

On April 21, 2026, the Court dismissed Plaintiff's Motion to Compel collection-related information as "premature." (ECF No. 72, PageID.695). The Google subpoena should be quashed for the same reason.

Plaintiff may not circumvent the Court's April 21, 2026 order by seeking the same or substantially similar information through a third-party subpoena while enforcement-related discovery remains premature. At minimum, the subpoena should be stayed until the Rule 62(a) automatic stay expires and the Court determines whether any collection discovery is proper.

## III. DEFENDANT LACKED NOTICE AND A MEANINGFUL OPPORTUNITY TO OBJECT

Defendant has not been served with the subpoena, has not received a copy from Plaintiff or Google, and has had to rely on Plaintiff's filings and Google's objection letter to infer its existence and scope. That lack of notice is prejudicial because the subpoena seeks identifying information whose disclosure would cause irreparable harm before Defendant has an opportunity to object.

Google's objection letter confirms that user notification and objection procedures are implicated. (ECF No. 71-1, PageID.686–692). Because Defendant has not received the subpoena itself, Defendant cannot meaningfully assess its scope, object to specific requests, or request appropriate protections before disclosure.

The subpoena should be quashed or stayed until Defendant is served with the subpoena and given a meaningful opportunity to object.

## IV. THE SUBPOENA IS PROCEDURALLY DEFECTIVE UNDER RULE 45

The subpoena also appears invalid under Rule 45. Google objected that it is headquartered in Santa Clara County, California; that the subpoena was issued by a court without subpoena power over non-party Google; that it had not been properly domesticated in California; and that it designated a place of compliance more than 100 miles from Google's headquarters. (ECF No. 71-1, PageID.686, 692).

Rule 45 requires compliance with the proper issuing court, place-of-compliance, and geographical limits for non-party subpoenas. A subpoena directed to an out-of-state non-party such as Google cannot be used to bypass those requirements.

Because the subpoena was not properly issued, domesticated, noticed, or limited to a proper place of compliance, it should be quashed.

## V. PLAINTIFF MAY NOT OBTAIN THROUGH GOOGLE WHAT THE COURT ALREADY FOUND PREMATURE

Plaintiff's Motion to Compel sought substantially the same account-identifying and collection-related information Plaintiff now seeks through Google, including all Google and YouTube accounts, associated email addresses, account registration information, IP login history, accounts used to post content relating to Plaintiff, and documents identifying monetization or payment accounts. (ECF No. 71, PageID.684–685).

The Court dismissed Plaintiff's motion to compel collection-related information as premature. (ECF No. 72, PageID.695). A third-party subpoena seeking the same information is not a lawful workaround. It is an attempt to obtain indirectly what the Court has already refused to compel directly.

The subpoena should be quashed on that basis alone.

## VI. COMPELLED DISCLOSURE REQUIRES A HEIGHTENED SHOWING BECAUSE THE SUBPOENA SEEKS TO UNMASK AN ONLINE SPEAKER

The subpoena seeks information capable of identifying an online speaker. Google objected that the subpoena implicates "the First Amendment rights of Google users to engage in anonymous speech" and identified authority requiring a prima facie showing before compelled unmasking. (ECF No. 71-1, PageID.687–688).

Google also identified persuasive unmasking authorities requiring a prima facie showing before compelled disclosure of anonymous speakers, including *Glassdoor, Inc. v. Superior Court* and *Krinsky v. Doe 6*. (ECF No. 71-1, PageID.687–688).

Google's objection letter confirms that the subpoena implicates account-identifying information, user-notification rights, First Amendment anonymity concerns, Stored Communications Act limitations, and Rule 45 compliance defects. (ECF No. 71-1, PageID.686–692).

Compelled disclosure should not occur without notice, judicial review, narrow tailoring, and a showing that disclosure is necessary and supported by a legally sufficient claim. A default judgment does not eliminate First Amendment and privacy concerns where the subpoena seeks broad account-identifying information from a non-party provider, especially where the Court has already deemed collection-related efforts premature.

At minimum, the Court should require Plaintiff to make a prima facie and narrowly tailored showing before any unmasking occurs.

## VII. THE SUBPOENA SHOULD BE QUASHED OR NARROWED UNDER THE STORED COMMUNICATIONS ACT

To the extent the subpoena seeks contents of communications, emails, private messages, or other protected electronic communications, the Stored Communications Act restricts disclosure by electronic service providers. See 18 U.S.C. § 2702.

Google objected that § 2702(a) prohibits disclosure of electronic communications or content stored on behalf of the user pursuant to a subpoena. (ECF No. 71-1, PageID.688). Plaintiff cannot use a civil subpoena to obtain materials that federal law prohibits Google from disclosing.

This statutory limitation independently supports quashing or narrowing the subpoena.

## VIII. THE SUBPOENA IS OVERBROAD AND NOT NARROWLY TAILORED

Plaintiff's Motion to Compel sought sweeping categories of Google and YouTube information, including all Google and YouTube accounts, associated email addresses, account registration information, IP login history, accounts used to post content relating to Plaintiff, and documents identifying monetization or payment accounts. (ECF No. 71, PageID.685).

Those requests are not narrowly tailored to the limited claim and damages issues in this case. Discovery aimed at broad account history, platform activity, private account information, IP logs, monetization information, or unrelated communications exceeds any permissible scope and imposes an undue burden on Google and on Defendant's privacy and First Amendment interests.

The overbreadth is compounded by the fact that Defendant has not been provided the subpoena and cannot assess the full scope of what Plaintiff demanded from Google.

## IX. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Quash the subpoena issued to Google LLC;

2. Stay any disclosure pending judicial review;

3. Enforce the Court's April 21, 2026 order dismissing Plaintiff's collection-related Motion to Compel as premature;

4. Require Plaintiff to provide Defendant with the subpoena and allow a meaningful opportunity to object before any disclosure;

5. Require Plaintiff to provide Defendant with notice and copies of any future subpoenas before service on third parties;

6. Require Plaintiff to make a prima facie and narrowly tailored showing before any unmasking occurs;

7. Prohibit disclosure of any content protected by the Stored Communications Act; and

8. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Danielle Robertson
Defendant, Pro Se
4539 N 22nd St
Phoenix, AZ 85016-4639
DaniRobertson@proton.me

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, I electronically filed the foregoing **Defendant's Motion to Quash Subpoena to Google LLC** using the Court's Pro Se Portal system, which will send notification of such filing to Plaintiff Kimberly Smith.

Respectfully submitted,

Danielle Robertson

Defendant, Pro Se