**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

KIMBERLY SMITH,                                    Case No. 2:24-cv-12213-LJM-KGA

Plaintiff,                                                    Hon. Laurie J. Michelson

v.

DANIELLE ROBERTSON,

Defendant.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 60(b) MOTION TO VACATE OR REDUCE DAMAGES (ECF No. 82)**

## I. INTRODUCTION

Defendant's latest Rule 60(b) motion should be denied in its entirety. Although styled as a "limited" challenge to damages, the motion is yet another attempt to relitigate issues already decided by this Court. The Court has previously rejected or struck Defendant's prior post-judgment motions. Defendant now repackages substantially similar arguments under the guise of a damages-only challenge. Rule 60(b) is an extraordinary remedy—not a vehicle for serial motions or repeated attempts to relitigate matters already resolved.

## II. LEGAL STANDARD

Relief under Rule 60(b) is extraordinary and granted only in exceptional circumstances. A Rule 60(b) motion is not a substitute for appeal and does not permit a party to relitigate issues already decided or present repetitive arguments in new form. Courts also maintain a strong

interest in the finality of judgments and conservation of judicial resources.

## III. ARGUMENT

### A. Defendant's Motion Is Duplicative and Improper

Despite Defendant's characterization, the present motion seeks substantially the same relief previously denied by the Court. Defendant continues attempting to revisit issues surrounding damages, causation, and the underlying factual basis of the Court's judgment. Rule 60(b) does not permit repeated motions seeking the same result through reframed arguments or new labels.

### B. Defendant Fails to Present Qualifying Newly Discovered Evidence

Defendant relies on alleged screenshots and declarations concerning third-party conduct occurring prior to the conduct underlying this case. The alleged materials do not negate Defendant's own conduct, nor do they undermine the Court's findings following the damages hearing. At most, Defendant attempts to shift responsibility to unrelated third parties and relitigate causation issues already considered by the Court. The existence of alleged conduct by others does not eliminate damages attributable to Defendant's actions. Additionally, Defendant fails to show that the alleged evidence could not have been discovered earlier through reasonable diligence as required under Rule 60(b)(2).

### C. Defendant Improperly Seeks to Reweigh Evidence and Revisit the Court's Damages Findings

The Court conducted a damages hearing, evaluated testimony, and entered a reasoned damages

award. Defendant now attempts to reinterpret testimony, challenge credibility determinations, and narrow damages after judgment has already been entered. Rule 60(b) does not authorize parties to reargue evidence or revisit factual determinations previously made by the Court.

**D. Defendant's Motion Improperly Extends Beyond Damages**

Although framed as a damages-only motion, Defendant repeatedly challenges the scope of the claim, the factual basis of liability-related findings, and the Court's analysis of the underlying conduct. These arguments exceed a proper damages challenge and constitute an improper attempt to relitigate matters already resolved.

**E. Repetitive Filings**

Plaintiff notes that Defendant has repeatedly filed post-judgment motions seeking substantially similar relief despite prior rulings of the Court. While Plaintiff recognizes that sanctions are discretionary, Plaintiff respectfully requests that the Court consider appropriate measures should repetitive and duplicative filings continue in this matter.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Rule 60(b) Motion (ECF No. 82) in its entirety and grant any further relief the Court deems just and proper.

Respectfully submitted,

/s/ Kimberly Smith

Kimberly Smith

Plaintiff, Pro Se


Dated: May 6, 2026


**CERTIFICATE OF SERVICE**


I certify that on May 6, 2026, I electronically filed the foregoing using the Court's ECF system, which will send notification of such filing to Defendant.