UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

          Plaintiff,

vs.

DANIELLE ROBERTSON.,

          Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**DEFENDANT'S REPLY IN SUPPORT OF LIMITED RULE 60(b) MOTION TO VACATE OR REDUCE DAMAGES**

**DEFENDANT'S RESERVATION OF RIGHTS AND PARTICIPATION UNDER PROTEST**

Defendant files this Reply under protest while preserving all objections to personal jurisdiction, service, venue, anonymity, default, Rule 12 defenses, First Amendment, and appellate rights.

Defendant does not consent to personal jurisdiction.

Defendant Danielle Robertson respectfully submits this reply to Plaintiff's Opposition to Defendant's Limited Rule 60(b) Motion to Vacate or Reduce Damages. (ECF No. 84).

**I. INTRODUCTION**

Plaintiff's opposition confirms the narrow issue before the Court. Plaintiff says Defendant is relitigating, reweighing evidence, and filing repetitive motions. (ECF No. 84, PageID.958–960). But Plaintiff does not answer the damages defect: the Court preserved Defendant's right to challenge damages and narrowed the actionable focus to the Housing Commission letter. (ECF No. 81, PageID.897; ECF No. 64, PageID.630–631).

This is not a liability motion. It is a damages, notice, pleading, and causation motion. Plaintiff's opposition does not explain how a Housing Commission letter with no phone number and no residential address caused phone-call damages or address-based fear. It does not explain how a letter that does not say "felony conviction," "convicted felon," or "has a felony" supports felony-conviction damages.

1

Plaintiff's "duplicative" argument fails because the Court expressly preserved Defendant's right to challenge damages. (ECF No. 81, PageID.897). Plaintiff's sanctions and repetitive-filing arguments also ignore that Plaintiff's certificate again assumes ECF notice to a non-ECF pro se party and does not certify mail, agreed email service, or any other completed service method. (ECF No. 84, PageID.961).

## II. DEFENDANT PRESERVES HER JURISDICTIONAL OBJECTION, AND WAIVER CANNOT EXPAND DAMAGES

Defendant preserves her objection to the Court's finding that personal jurisdiction was waived. Defendant's first motion expressly raised Rule 12(b)(2), Rule 12(b)(5), Rule 12(b)(3), Rule 12(b)(1), Rule 12(b)(6), default relief, and protective relief. (ECF No. 20, PageID.139–140). Rule 12 permits those defenses to be joined and provides that "[n]o defense or objection is waived by joining it with one or more other defenses or objections." Fed. R. Civ. P. 12(b). Defendant's later filings were procedural, collateral, threshold, protective, or default-related. The joinder argument was a Rule 12(b)(7)/Rule 19 dismissal argument, and the Rule 11 notice was collateral; Rule 11 sanctions are "not a judgment on the merits" but concern a collateral issue about alleged abuse of the judicial process. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). Defendant never filed an answer, counterclaim, merits discovery demand, summary-judgment motion, trial filing, or express abandonment of Rule 12(b)(2).

The waiver finding also cannot expand damages. Even if the Court maintains that default or litigation conduct permits jurisdiction over Claim 2 generally, waiver does not erase Rule 54(c), amend ECF No. 1, merge separate exhibits, create actual malice, supply causation, or make unpleaded hearing-stage harms recoverable. The May 1 order preserved Defendant's right to "challenge the amount of damages." (ECF No. 81, PageID.897). Thus, Plaintiff cannot use alleged waiver to convert all of Claim 2 into one broad damages event or import non-letter harms

into damages from the Housing Commission letter. Plaintiff's opposition does not address this distinction; it treats Defendant's damages challenge as relitigation, but does not explain how waiver can supply missing damages causation, actual malice, or unpleaded phone/address theories.

## III. THE CONTROLLING EXHIBITS LIMIT DAMAGES TO THE LETTER

Plaintiff does not rebut the exhibit problem. Claim 2 separates address/housing disclosure from the later "Additionally" paragraph discussing agencies, mugshots, felony/criminal-record allegations, and traffic-ticket inquiries. (ECF No. 1, PageID.4). The exhibits show the same separation: deed/property material at PageID.13, the Housing Commission letter at PageID.14, and mugshot material at PageID.15. ECF No. 18 confirms Plaintiff's own categorization of property/deed materials as Exhibit A, the mugshot/felon accusation as Exhibit D, and the Detroit Housing Commission complaint/letter as Exhibit G. (ECF No. 18, PageID.97–98). Defendant cites ECF No. 18 only for that limited purpose.

Each alleged publication must be evaluated by its own exhibit, date, content, and alleged harm. Attached exhibits may be considered as part of the pleading record, and when a written instrument attached to the complaint contradicts the pleading's characterization, the exhibit controls. Williams v. CitiMortgage, Inc., 498 F. App'x 532, 536–37 (6th Cir. 2012); Cates v. Crystal Clear Techs., LLC, 874 F.3d 530, 536 (6th Cir. 2017). None of the Claim 2 exhibits attached to ECF No. 1 shows a written statement by Defendant that Plaintiff had a "felony conviction," was a "convicted felon," or "has a felony." The Housing Commission letter says "felonious arrest" and references a police report, not a conviction. (ECF No. 1, PageID.14). The mugshot exhibit contains images, not a conviction statement. (ECF No. 1, PageID.15). The deed/property exhibit is separate and concerns Detroit Housing Commission property/material,

3

not the letter. (ECF No. 1, PageID.13). The letter also contains no Plaintiff phone number and displays the Detroit Housing Commission Compliance Office address, not Plaintiff's residential address.

The Court narrowed the actionable focus to the letter, stating that "the essence of that claim is the letter" and framing damages as damages from "this claim," specifically "from the fact that she posted these statements about you, that she wrote to the Housing Commission." (ECF No. 64, PageID.630–631). Plaintiff should not be permitted to use the Housing Commission letter as the jurisdictional and liability anchor, then use separate deed/property, mugshot/felon, phone-number, address, and third-party harassment theories to expand damages beyond the letter.

## IV. PLAINTIFF ADDED UNPLEADED HARMS AND CAUSAL THEORIES AT THE PROPOSED-ORDER AND HEARING STAGES

Plaintiff says Defendant is trying to reweigh evidence. But the issue is not weight; it is notice, pleading, and causation. At the hearing, the Court asked what money damages Plaintiff suffered from ECF No. 1, "primarily the false statements in the letter to the Detroit Housing Commission." (ECF No. 64, PageID.632). Plaintiff acknowledged that as to the agency-reporting issue, "I didn't lose anything," described it as "an inconvenience," and admitted there were "no money damages" from Claim 2. (ECF No. 64, PageID.633–634). Plaintiff then went outside the letter. She introduced phone-call harms, testifying that "People was calling my phone, playing on my phone, waking me up in the middle of the night." (ECF No. 64, PageID.641). But those phone calls depend on an unpleaded causal allegation that Defendant posted or caused exposure of Plaintiff's phone number. ECF No. 1 does not allege that Defendant posted Plaintiff's phone number, no Claim 2 exhibit contains Plaintiff's phone number, and the Housing Commission letter contains no phone number. Plaintiff also tied sleep disruption, safety concerns, and fear after a gunshot near her home to alleged address exposure. But that is a separate

address/publication theory, not damages caused by a letter that contains no Plaintiff phone number and no full residential address. (ECF No. 1, PageID.13–15; ECF No. 64, PageID.645–646).

The same expansion occurred before the hearing. The Court ordered Plaintiff to connect each element and damages amount to the Complaint and the "injury and claims at issue," but Plaintiff submitted broad post-default theories involving harassment, third-party creators, body-camera footage, content monetization, and emotional distress. (ECF No. 51, PageID.457–458; ECF No. 53, PageID.460–461; ECF No. 53-1, PageID.463). A hearing or proposed order cannot add unpleaded damages theories after default. Rule 54(c) provides that a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Fed. R. Civ. P. 54(c). Default does not admit unliquidated damages; those damages must be proven with reasonable certainty. Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110–11 (6th Cir. 1995); Vesligaj v. Peterson, 331 F. App'x 351, 355 (6th Cir. 2009). This remains true even if the Court treats personal jurisdiction or liability as admitted. Jurisdiction and liability are not damages. A waiver/default ruling cannot supply missing causation, create actual malice, add a phone-number-publication theory, add residential-address damages to a letter with no residential address, or convert a mugshot exhibit into a felony-conviction statement. Plaintiff's opposition does not address that distinction.

## V. ACTUAL MALICE, NEW EVIDENCE, AND OMISSIONS SUPPORT DAMAGES RELIEF

Plaintiff does not rebut the actual-malice defect, which is central because the award was based on non-economic harm. The Court explained that actual malice means "knowledge of falsity or reckless disregard for the truth," stated it was "struggling to find a reference" to actual malice in the Complaint, and recognized that the Complaint pleaded, at most, negligence. (ECF No. 64,

PageID.620, 624–625). Plaintiff admitted there were "no money damages" and described the harm as reputational and emotional. (ECF No. 64, PageID.634–636). Under MCL 600.2911(7), negligent defamation involving a private individual is limited to economic damages unless actual malice is shown. Because ECF No. 1 does not plead actual malice as to the Housing Commission letter, the non-economic damages award lacks the required pleading foundation. The Complaint's words "willfully and maliciously" appear in the separate invasion-of-privacy/address-disclosure sentence, not as actual malice tied to the letter, and do not satisfy actual malice because that standard requires knowledge of falsity or reckless disregard for truth, not generalized intent or ill will. (ECF No. 1, PageID.4).

 Plaintiff also does not rebut the causation significance of the Queen Tulsa evidence. Defendant offers it because Plaintiff introduced phone-call and third-party harassment harms at the hearing. The evidence shows Plaintiff knew in September 2023 that TJ, not Defendant, publicly posted her phone number, nearly one year before the Housing Commission letter. Plaintiff does not deny sharing TJ's post, does not deny that the post displayed her number, and does not explain how phone-call damages can be caused by a letter with no phone number. These omissions matter under Rule 60(b)(3) and Rule 60(b)(6). Plaintiff did not inform the Court that she knew of TJ's September 2023 phone-number post, had already alleged a "felon" accusation in her January 3, 2024 lawsuit, Smith v. Robertson, Case No. 2:24-cv-10009, or had filings reflecting tension between disability-only income representations and claimed YouTube monetization/lost-income damages. These are damages-causation and credibility issues, not liability arguments. They also matter because Plaintiff's damages presentation depended on characterizations that the exhibits do not support. The controlling Claim 2 exhibits do not show a felony-conviction statement, residential address in the letter, or Plaintiff's phone number. (ECF No. 1, PageID.13–

6

15). That mismatch is why Defendant sought Rule 11 relief and why Rule 60(b)(3) is implicated: Plaintiff's mischaracterizations and omissions affected damages causation and prevented Defendant from fully and fairly contesting the damages theory actually awarded.

## VI. CONCLUSION

Plaintiff's opposition uses broad labels but does not answer the damages defect. Plaintiff does not show where ECF No. 1 pleaded phone-number publication, phone-call harassment, address-based fear caused by the Housing Commission letter, a felony-conviction statement in the letter, or actual malice as to the letter. Nor does Plaintiff rebut that the controlling exhibits separate the deed/property material, Housing Commission letter, and mugshot material. Rule 60(b) relief is warranted because the damages award rests on proposed-order and hearing-stage harms not pleaded in the Complaint, not contained in the Housing Commission letter, and not tied to the letter that supplied the narrowed jurisdiction, liability, and damages inquiry. Defendant preserves her objection that personal jurisdiction was not waived, but even under the Court's waiver/default reasoning, damages cannot exceed the pleaded notice record, controlling exhibits, Rule 54(c), and harms actually caused by the letter. If the letter is the essence of the claim, the letter is also the limit of damages. Defendant respectfully requests that the Court vacate or reduce the $10,000 damages award, reopen damages, reduce the award to nominal damages, reject Plaintiff's sanctions request, or grant any other relief the Court deems just and proper.

Respectfully submitted,

Danielle Robertson, Defendant, Pro Se
4539 N 22nd St, Phoenix, AZ 85016
DaniRobertson@proton.me

**CERTIFICATE OF SERVICE:** I hereby certify that on May 7, 2026, I electronically filed the foregoing using the Court's ECF/Pro Se Portal system, which will send notification of such filing to Plaintiff Kimberly Smith.

7