**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

KIMBERLY SMITH,                                        Case No. 2:24-cv-12213-LJM-KGA

Plaintiff,                                                      Hon. Laurie J. Michelson

v.

DANIELLE ROBERTSON,

Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND STAY OF ENFORCEMENT PENDING APPEAL AND TO APPROVE COURT REGISTRY DEPOSIT OR OTHER SECURITY (ECF No. 90)**

## I. INTRODUCTION

Plaintiff respectfully opposes Defendant's request to extend the stay of enforcement absent immediate and completed deposit of the full judgment amount. While Plaintiff does not oppose lawful security that fully protects the judgment, Defendant should not receive an indefinite extension of the stay merely based upon a pending request or incomplete deposit process. Defendant has repeatedly filed post-judgment motions following entry of judgment, and Plaintiff respectfully requests that any continued stay be strictly conditioned upon actual deposit of the full judgment amount with the Clerk of Court within a deadline set by the Court.

## II. ARGUMENT

**A. Any Continued Stay Should Be Conditioned Upon Actual Deposit of Funds**

Defendant requests continuation of the stay while the Court reviews the motion and while Defendant completes the deposit process. However, Defendant has not yet deposited the funds. Plaintiff respectfully submits that no continued stay should remain in effect unless and until the full $10,000 judgment amount is actually deposited with the Court and confirmed by the Clerk.

**B. Plaintiff Should Not Be Subject to an Open-Ended Extension**

The automatic stay under Rule 62(a) was temporary. Plaintiff respectfully requests that the Court avoid any indefinite or open-ended extension of enforcement rights without completed security. If the Court permits alternate security under Rules 62 and 67, Plaintiff requests that Defendant be required to complete the deposit process within a short deadline established by the Court.

**C. Plaintiff Preserves All Enforcement Rights if Deposit Is Not Timely Completed**

If Defendant fails to timely complete the deposit process or otherwise comply with any conditions imposed by the Court, Plaintiff respectfully requests that enforcement rights, including discovery in aid of execution, immediately resume without further delay.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny any indefinite extension of the stay and require actual deposit of the full judgment amount before any continued stay remains in effect. Plaintiff further requests that the Court impose a firm deadline for any deposit process and preserve Plaintiff's enforcement rights should Defendant

fail to comply.

Respectfully submitted,

/s/ Kimberly Smith

Kimberly Smith

Plaintiff, Pro Se

Dated: May 15, 2026

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2026, I electronically filed the foregoing using the Court's ECF system, which will send notification of such filing to Defendant.