UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

      Plaintiff,

vs.

DANIELLE ROBERTSON.,

      Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**DEFENDANT'S NOTICE REGARDING PENDING ECF NO. 82 AND REQUEST FOR INDICATIVE RULING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1**

**DEFENDANT'S NOTICE REGARDING PENDING ECF NO. 82 AND REQUEST FOR INDICATIVE RULING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1**

Defendant Danielle Robertson, appearing pro se and preserving all rights, objections, defenses, jurisdictional objections, service objections, identity/name objections, and appellate rights, respectfully submits this Notice regarding Defendant's pending Rule 60(b) motion filed at ECF No. 82.

1. On May 5, 2026, Defendant filed a limited Rule 60(b) motion seeking relief from the damages portion of the default judgment. ECF No. 82.

2. The motion was filed in light of the Court's May 1, 2026 order, which Defendant understands to have permitted Defendant to challenge the amount of damages.

3. ECF No. 82 does not seek to relitigate every prior ruling. Instead, it is limited to damages and challenges whether the damages award can stand where the Court narrowed the actionable claim to the Detroit Housing Commission letter, but the damages award

1

appears to rely on unpleaded hearing-stage allegations, phone-related harms, third-party conduct, emotional-distress theories, and other alleged harms not causally tied to that letter.

4. Defendant respectfully notes that ECF No. 82 remains pending while the appeal is active. The appeal is docketed in the United States Court of Appeals for the Sixth Circuit as Case No. 26-1380.

5. Because the appeal has been docketed, Defendant understands that this Court may lack authority to grant Rule 60(b) relief without a remand from the Court of Appeals.

6. Defendant therefore respectfully requests that the Court address ECF No. 82 under Federal Rule of Civil Procedure 62.1.

7. Specifically, Defendant asks the Court to either:

a. defer consideration of ECF No. 82;

b. deny ECF No. 82; or

c. state that ECF No. 82 raises a substantial issue or that the Court would grant relief if the Court of Appeals remands for that purpose.

8. Defendant further clarifies that this request is made to preserve the procedural posture of the pending limited Rule 60(b) damages motion and to determine whether an indicative ruling or remand request is necessary.

9. Defendant is not asking this Court to take action beyond its authority while the appeal is pending. Defendant is only requesting that the Court indicate how it intends to treat the pending motion under Rule 62.1.

10. Nothing in this Notice waives Defendant's appellate arguments, including objections concerning service, personal jurisdiction, party identity, the name used in the judgment, default, liability, damages, or any other preserved issue.

**WHEREFORE**, Defendant respectfully requests that this Court address ECF No. 82 pursuant to Federal Rule of Civil Procedure 62.1 by deferring consideration, denying the motion, or stating whether the motion raises a substantial issue or whether the Court would grant relief if the Court of Appeals remands for that purpose.

Respectfully submitted,

Dated: May 28 2026

Danielle Robertson, Pro Se

4539 N 22ND ST
PHOENIX, AZ 85016-4639
United States
DaniRobertson@proton.me

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, a true and correct copy of this Notice was served upon Plaintiff Kimberly Smith by ECF

3