UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

      Plaintiff,

vs.

DANIELLE ROBERTSON.,

      Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**DEFENDANT'S NOTICE REGARDING PENDING ECF NO. 82 AND REQUEST FOR INDICATIVE RULING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1**

**DEFENDANT'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION LIMITED TO NONPUBLIC GOOGLE SUBPOENA MATERIAL**

Defendant Danielle Robertson, appearing pro se and preserving all objections and appellate rights, moves under Federal Rules of Civil Procedure 26(c) and 65 and E.D. Mich. LR 65.1 for immediate, narrowly tailored protection of nonpublic material obtained from Google LLC through the challenged postjudgment subpoena.

Defendant does not seek to restrict discussion of this lawsuit, the judgment, the appeal, public docket information, or information independently acquired from public sources. Defendant seeks only to preserve and protect nonpublic Google-produced account, subscriber, recovery, login, device, and technical information while the Court determines whether Plaintiff obtained, accessed, used, and disclosed that material contrary to the active stays and Rule 45.

Defendant requests that this motion be **submitted and determined on the papers under E.D. Mich. LR 7.1(f)(2)**. If the Court determines that a conference is necessary, Defendant requests a

1

telephone or video conference. Defendant does not request an in-person hearing unless the Court

determines that live testimony is necessary to resolve a material factual dispute.

**LOCAL RULE 7.1(a) CERTIFICATION**

Because Plaintiff expressly conditioned threatened wholesale public disclosure on Defendant

seeking court protection, Defendant invokes the emergency circumstances recognized by E.D.

Mich. LR 7.1(a)(2)(C). Defendant nevertheless sent Plaintiff a written concurrence request on

July 10, 2026, explaining the requested preservation, sequestration, nondisclosure, accounting,

and filing-protocol relief. Plaintiff publicly rejected that relief and threatened broader PACER

disclosure if Defendant filed.

**RELIEF REQUESTED**

Defendant asks the Court to:

1. Preserve and sequester every copy of the Google production;

2. Prohibit further access to the Google portal or retrieval of additional files;

3. Prohibit further disclosure, transmission, display, investigation from, or public filing of
   nonpublic Google material pending further order;

4. Prohibit **all additional postjudgment subpoenas and enforcement discovery while
   ECF Nos. 93 and 97 remain active**, absent prior leave of Court;

5. Require preservation of Plaintiff's July 10, 2026 livestream and the separate
   SammyReactsTV interview;

6. Require Plaintiff to identify every recipient of Google-produced information;

7. Temporarily restrict public access only to video portions that actually display, read aloud,
   or reveal nonpublic Google-produced information;

8. Establish a protected filing procedure for any material Plaintiff contends is genuinely relevant to a court filing; and

9. Decide the motion on the papers or, if necessary, conduct any conference remotely.

WHEREFORE, Defendant requests entry of the separately submitted proposed order.

Respectfully submitted,

/s/ Danielle Robertson

DANIELLE ROBERTSON

Defendant, Pro Se

Contact information on file with the Court

Dated: July 13, 2026

**BRIEF IN SUPPORT**

**ISSUES PRESENTED**

1. Whether temporary protection is necessary where Plaintiff accessed a secure Google production during active stay orders, downloaded and printed the files, publicly displayed production-related materials, and threatened wholesale PACER disclosure if Defendant sought court protection.

2. Whether Plaintiff should be prohibited from issuing, serving, renewing, domesticating, pursuing, accessing, or using any additional subpoena or enforcement discovery while ECF Nos. 93 and 97 remain active.

3. Whether nonpublic Google account information remains private and security-sensitive even where Defendant cannot presently confirm that the production contained her legal name, residential address, or every other category of information.

4. Whether Defendant's promptly corrected community post defeats protection where Defendant never received the subpoena or production and still does not know the contents of all files obtained by Plaintiff.

5. Whether the matter may be determined on the papers, with a remote conference only if the Court finds one necessary.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 26(c), 45(a)(4), 62, 65, and 69(a)(2); E.D. Mich. LR 5.3, 7.1(f)(2), and 65.1; *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542–43 (6th Cir. 2007); *D.T. v. Sumner County Schools*, 942 F.3d 324, 326–27 (6th Cir. 2019); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32–37 (1984); and *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 225–27 (6th Cir. 1996).

## FACTUAL BACKGROUND

### A. The subpoena arose during the automatic stay.

The Court entered judgment on April 15, 2026. ECF No. 63. Rule 62(a) automatically stayed execution and proceedings to enforce the judgment for thirty days.

The Google certificate identified a subpoena dated April 15. Plaintiff has alternatively stated that she first issued the subpoena on April 20. Both dates fell within the automatic stay.

Google objected on April 20. ECF No. 71-1. Plaintiff then sought Google-related collection information. ECF No. 71. On April 21, the Court dismissed Plaintiff's collection request as premature. ECF No. 72, PageID.695.

Defendant moved to quash because the subpoena sought identifying and enforcement information during the stay and because Defendant had never received advance notice or a copy. ECF No. 83.

4

On May 7, the Court dismissed Defendant's motion as moot under Rule 62 and stated:

"Should this issue resurface, the parties are advised that (1) the Court will expect full compliance with the requirements of Federal Rule of Civil Procedure 45 for the issuance of any non-party subpoenas."

ECF No. 85, PageID.962–963.

Defendant never received advance notice or a copy of an original, renewed, reissued, corrected, transferred, converted, or domesticated Google subpoena.

**B. The Court entered express stay orders.**

On May 19, the Court ordered:

"Enforcement of the judgment, including discovery in aid of execution, is stayed pending resolution of the appeal or further order of the Court."

ECF No. 93, PageID.991.

On June 5, the Court again stayed:

"Execution on the judgment or proceedings to enforce it."

ECF No. 97, PageID.1119.

The Google subpoena sought postjudgment identifying, subscriber, account, login, and technical information. It therefore constituted discovery in aid of execution under Rule 69(a)(2) and the express language of ECF No. 93.

**C. Plaintiff accessed and displayed the production on July 10.**

During Plaintiff's July 10 livestream, titled "Happy Friday! This is gonna be A GOOD ONE," Plaintiff publicly read Google's secure-portal instructions and stated:

"Look, I hurried up and clicked it."

Ex. B, Part I at approximately 8:12–8:48.

Plaintiff explained that the portal sent her to a "private file." She admitted:

"I download, back up, did all of that. I also printed it."

Id. at approximately 38:16–38:36.

Plaintiff described possessing account-recovery information, telephone information, IP information, device information and activity, login information, account-creation information, and two-step-verification information. Id. at approximately 30:04–30:23 and 52:17–53:27. Plaintiff displayed Google-branded correspondence, a mobile-device screen, and numerous printed pages during the livestream. Ex. A-2 through A-3(e). She also displayed Google Legal Support communications. Ex. A-7(a) and A-7(b). The livestream included monetization indicators, including a $49.99 Super Chat. Ex. A-6.

**D. Plaintiff separately discussed the production during the SammyReactsTV interview.**

Plaintiff later appeared during the separate SammyReactsTV broadcast titled "Surviving Dani Robertson: The Judge, The Juror & The Executioner of the Black Tea Sector." Ex. A-4 and A-5. During that interview, Plaintiff acknowledged that a stay was in place, stated that additional discovery would violate the stay, and answered "no" when asked whether the Court knew Google had answered.

Plaintiff then stated:

"Go ahead on file. You file that—I got that Google. You go right ahead and I'm going to attach all the Google documents to PACER and everybody can see what I see."

Plaintiff further stated that public filing was how everybody would know who Defendant was and that she was "definitely going to attach it." Ex. B, Part II at approximately 1:20:36–1:23:03.

**E. Defendant promptly corrected her preliminary community post.**

After viewing only portions of Plaintiff's livestream, Defendant made a members-only community post stating that her legal name, phone number, and address did not appear to have been disclosed.

That post was based only on the limited materials Plaintiff publicly displayed. Defendant did not possess the subpoena, the production, the file list, or any of the files.

Plaintiff subsequently stated that she possessed multiple files, including nine files, and acknowledged that she had not publicly shown everything. Defendant therefore promptly edited or replaced the post to clarify:

"I have not confirmed that my legal name, telephone number, or residential address was contained in the Google production."

Defendant further clarified:

"At this time, I do not possess the complete production and therefore cannot state exactly what information was produced."

Ex. A-8(a) and A-8(b).

The initial post does not establish what Google produced. It was not based on review of the production and did not waive Defendant's privacy, notice, stay, or subpoena objections.

**ARGUMENT**

**I. The Rule 65 factors favor immediate, limited protection.**

The Court considers: likelihood of success, irreparable injury, harm to others, and the public interest. *Certified Restoration*, 511 F.3d at 542. Irreparable injury must be immediate rather than speculative. *D.T.*, 942 F.3d at 326–27.

The evidence establishes completed public display and an express threat of further wholesale disclosure.

7

**II. Defendant is likely to obtain protective relief.**

Rule 26(c) permits the Court to forbid or limit disclosure to protect against annoyance, embarrassment, oppression, and undue burden.

Rule 45(a)(4) required notice and a copy before service of a subpoena commanding document production. Defendant received neither.

The Court had already dismissed collection discovery as premature and warned that future nonparty subpoena process must fully comply with Rule 45. ECF Nos. 72 and 85. Plaintiff thereafter accessed and used the resulting production while ECF No. 93 stayed discovery in aid of execution and ECF No. 97 stayed proceedings to enforce the judgment. *Seattle Times* permits courts to restrict dissemination of information obtained through civil discovery upon a showing of good cause. 467 U.S. at 32–37. The requested order reaches only nonpublic information obtained through the challenged Google process and excludes public and independently acquired information.

**III. The protection does not depend solely on whether Plaintiff obtained Defendant's legal name.**

Plaintiff may argue that Defendant initially stated her legal name was not disclosed. That argument misses the issue.

Nonpublic account information can remain private and security-sensitive even without a legal name or street address. The information Plaintiff publicly described includes:

- Recovery email information;

- Recovery or associated telephone information;

- Two-step-verification information;

- Login and device activity;

- IP-related information;

- Account-creation dates;

- Account associations; and

- Subscriber and technical records.

Such information can be combined with public data to identify, profile, target, or impersonate an account holder.

NIST recognizes digital-identity risks including impersonation and unauthorized account access. See National Institute of Standards and Technology, **NIST Special Publication 800-63-4, Digital Identity Guidelines** 4 (July 2025).

CISA has documented that threat actors use social engineering to persuade service-provider personnel to reset passwords and multifactor-authentication tokens. See Cybersecurity and Infrastructure Security Agency, **Scattered Spider**, Advisory AA23-320A.

Public disclosure of recovery channels, authentication-related information, login patterns, device information, account relationships, or other technical data can therefore increase risks of phishing, social engineering, attempted password reset, account takeover, identity correlation, harassment, and targeted intrusion.

Defendant does not have to wait until an account takeover or completed doxing occurs before requesting prevention of disclosure.

**IV. The corrected community post confirms uncertainty rather than eliminating harm.**

Defendant's corrected post expressly states that she has not received the production and cannot determine everything Google produced. Ex. A-8(b).

Plaintiff—not Defendant—possesses the relevant files. Plaintiff has described possessing multiple files and showing only some of the material.

9

The existence of uncertainty is a reason for an accounting and preservation order. It is not a reason to permit public disclosure.

## V. The threat is immediate and irreparable.

Plaintiff has already displayed Google-related materials and has stated that she will attach all Google documents to PACER if Defendant files.

Once account and technical information is filed publicly, downloaded, copied, indexed, reposted, or correlated, later sealing cannot restore confidentiality.

## VI. The proposed order is narrowly tailored.

The proposed order does not prevent Plaintiff from:

- Discussing the case;

- Discussing public filings;

- Using independently acquired public information;

- Consulting counsel;

- Preserving evidence;

- Responding to Defendant's motions; or

- Requesting permission to submit genuinely relevant evidence.

It prevents only additional enforcement discovery, portal access, disclosure, and wholesale public filing of nonpublic Google-derived information while the stay remains active.

## VII. No additional subpoenas or enforcement discovery should occur during the active stay.

ECF No. 93 expressly stays "discovery in aid of execution." ECF No. 97 stays proceedings to enforce the judgment.

10

To prevent further disputes, the Court should clarify that, while those orders remain active, Plaintiff may not:

- Issue;
- Serve;
- Renew;
- Reissue;
- Amend;
- Transfer;
- Convert;
- Domesticate;
- Register;
- Enforce;
- Pursue compliance with;
- Request production under; or
- Access the results of

any postjudgment subpoena or other enforcement discovery without prior leave of Court.

## VIII. The motion may be decided on the papers.

E.D. Mich. LR 7.1(f)(2) permits the Court to order submission and determination without a hearing.

The operative orders, transcripts, screenshots, and Plaintiff's own recorded statements provide a written record sufficient for temporary preservation and nondisclosure relief.

Defendant requests a paper ruling. If the Court determines that further discussion is necessary, Defendant requests a telephone or video conference rather than an in-person appearance.

**CONCLUSION**

Defendant requests immediate entry of the proposed order, decision on the papers, preservation and sequestration of the Google material, prohibition of all additional subpoenas and enforcement discovery during the active stay, a sworn accounting, and a protected filing procedure.

Respectfully submitted,


/s/ Danielle Robertson

Danielle Robertson, Pro Se

4539 N. 22nd Street

Phoenix, Arizona 85016-4639

DaniRobertson@proton.me

Dated: July 13, 2026

**CERTIFICATE OF SERVICE**

I certify that on July 13, 2026, I served this motion and its supporting materials on Plaintiff Kimberly Smith by ECF

/s/ Danielle Robertson

Danielle Robertson