UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

Plaintiff,

vs.

DANIELLE ROBERTSON.,

Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**PROPOSED TEMPORARY
RESTRAINING ORDER PRESERVING
NONPUBLIC GOOGLE MATERIAL AND
PROHIBITING ADDITIONAL
ENFORCEMENT DISCOVERY**

**PROPOSED TEMPORARY RESTRAINING ORDER PRESERVING NONPUBLIC
GOOGLE MATERIAL AND PROHIBITING ADDITIONAL ENFORCEMENT
DISCOVERY**

Before the Court is Defendant's Emergency Motion for Temporary Restraining Order and

Preliminary Injunction.

Without deciding ultimate admissibility, contempt, sanctions, or the merits of the pending

appeal, and solely to preserve evidence and prevent irreversible disclosure, the Court ORDERS:

1. **Protected Google Material.** "Protected Google Material" means all nonpublic

    documents, files, data, correspondence, portal contents, subscriber information, account

    identifiers, recovery information, telephone information, IP-related information, device

    information, login information, authentication information, account-creation information,

    and other material obtained or learned through Google's response to the challenged

    subpoena. It excludes public docket information and information independently obtained

    from public sources.

1

2. **Preservation and sequestration.** Plaintiff shall preserve and sequester every physical and electronic copy of Protected Google Material, including downloads, backups, screenshots, photographs, printouts, cloud copies, emails, messages, portal links, and device copies. Nothing in this Order authorizes deletion, alteration, or destruction.

3. **No additional portal access.** Plaintiff shall not access or attempt to access the Google production portal, request renewed or extended access, activate or share any portal link, retrieve additional files, or download another copy of Protected Google Material.

4. **No disclosure or use.** Until further order, Plaintiff shall not publicly disclose, transmit, display, reproduce, investigate from, or otherwise use Protected Google Material, except to preserve it, consult counsel, comply with lawful process, or make a submission specifically authorized by the Court.

5. **No public filing without authorization.** Plaintiff shall not publicly file, attach, quote, summarize, reproduce, or upload Protected Google Material absent prior Court authorization and compliance with E.D. Mich. LR 5.3.

6. **Lawful responses permitted.** Plaintiff may file a lawful response to Defendant's motions. Any use of Protected Google Material must be limited to particular material genuinely relevant to an issue before the Court, appropriately redacted, and authorized before public filing.

7. **No further subpoenas or enforcement discovery.** While ECF Nos. 93 and 97 remain in effect, Plaintiff shall not, without prior leave of Court:

a. Issue, serve, renew, reissue, amend, transfer, convert, domesticate, register, or enforce any subpoena for postjudgment discovery;

b. Request or pursue compliance with any prior subpoena;

2

c. Communicate with any subpoena recipient for the purpose of obtaining enforcement-related information;

d. Request, obtain, access, retrieve, download, review, or use any additional postjudgment discovery; or

e. Conduct any other discovery in aid of execution or proceeding to enforce the judgment.

8. **July 10 recording.** Within twenty-four hours of actual notice of this Order, Plaintiff shall temporarily restrict public access to, remove, or obscure only those portions of the July 10, 2026 broadcast that visibly display, read aloud, or reveal Protected Google Material, including the portions shown in Exhibits A-2, A-3(a) through A-3(e), and A-7(a) through A-7(b). Plaintiff shall preserve the complete unaltered recording and all available metadata.

9. **Preservation of both recordings.** Plaintiff shall preserve complete and unaltered copies of:

a. "Happy Friday! This is gonna be A GOOD ONE"; and

b. "Surviving Dani Robertson: The Judge, The Juror & The Executioner of the Black Tea Sector."

10. **Recipient accounting.** Within five days, Plaintiff shall file a sworn declaration identifying every person to whom she transmitted any page, image, screenshot, excerpt, identifier, summary, or information derived from Protected Google Material. Private individuals may be identified by initials in the public declaration unless the Court orders otherwise.

11. **Notice to recipients.** Plaintiff shall provide each identified recipient a copy of this Order and request preservation and sequestration of any received material. No nonparty is subject to contempt absent actual notice and the requirements of Rule 65(d)(2).

12. **Community post.** Defendant's preliminary and corrected community posts do not establish the contents of the Google production, waive Defendant's objections, or authorize public disclosure.

13. **Security.** No additional Rule 65(c) security is required at this time because the Order preserves evidence, protects only nonpublic subpoena-derived material, and does not prohibit lawful litigation activity or discussion of public information.

14. **Paper determination.** The preliminary-injunction request may be submitted and determined on the papers. If the Court determines that a conference is necessary, it will be conducted by telephone or video unless the Court orders otherwise.

15. **Duration.** This Order remains effective until further order of the Court.

IT IS SO ORDERED.

Dated: _____  _____

LAURIE J. MICHELSON

UNITED STATES DISTRICT JUDGE