UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

      Plaintiff,

vs.

DANIELLE ROBERTSON.,

      Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**DEFENDANT'S MOTION TO ENFORCE
ECF NOS. 93 AND 97,**

**DEFENDANT'S MOTION TO ENFORCE ECF NOS. 93 AND 97, FOR WRITTEN**

**ORDER TO SHOW CAUSE, SWORN SUBPOENA ACCOUNTING, SANCTIONS, AND**

**PROHIBITION OF FURTHER ENFORCEMENT DISCOVERY**

Defendant Danielle Robertson, appearing pro se and preserving all objections and appellate

rights, moves to enforce ECF Nos. 93 and 97; require Plaintiff Kimberly Smith to respond in

writing to an order to show cause; require a sworn accounting of the complete Google subpoena

and production chain; prohibit all additional subpoenas and enforcement discovery during the

active stay; preserve the registry security; and impose appropriate relief after notice and an

opportunity to respond.

Defendant requests determination on the papers under E.D. Mich. LR 7.1(f)(2). If the Court

determines that oral discussion is necessary, Defendant requests a telephone or video conference.

Defendant does not request an in-person hearing unless the Court determines that disputed

material facts require live testimony.

**LOCAL RULE 7.1(a) CERTIFICATION**

On July 10, 2026, Defendant sent Plaintiff a written request for concurrence in preservation, sequestration, nondisclosure, accounting, and stay-enforcement relief. Plaintiff publicly rejected the requested protection and threatened broader PACER disclosure if Defendant filed. Defendant therefore invokes the emergency circumstances recognized by E.D. Mich. LR 7.1(a)(2)(C).

**BRIEF IN SUPPORT**

**I. The operative orders are definite.**

On May 19, ECF No. 93 ordered:

"Enforcement of the judgment, including discovery in aid of execution, is stayed pending resolution of the appeal or further order of the Court."

ECF No. 93, PageID.991.

On June 5, ECF No. 97 stayed:

"Execution on the judgment or proceedings to enforce it."

ECF No. 97, PageID.1119.

Rule 69(a)(2) identifies postjudgment discovery as discovery in aid of the judgment or execution.

**II. The Google process began during Rule 62(a)'s automatic stay.**

Judgment was entered April 15, 2026. ECF No. 63. The Google certificate identified a subpoena dated April 15, while Plaintiff has alternatively stated that she issued it April 20. Both dates fell within the automatic stay.

On April 21, the Court dismissed Plaintiff's collection-information request as premature. ECF No. 72, PageID.695.

On May 7, the Court dismissed Defendant's motion to quash as moot because of the Rule 62 stay and warned that any resurfacing nonparty subpoena issue must fully comply with Rule 45. ECF No. 85, PageID.962–963.

2

Defendant never received advance notice or a copy of an original, renewed, converted, transferred, reissued, or domesticated subpoena.

### III. Plaintiff's July 10 actions occurred during the express stays.

On July 10, Plaintiff read Google's secure-portal communication and stated:

"Look, I hurried up and clicked it."

She later stated:

"I download, back up, did all of that. I also printed it."

Plaintiff stated that the portal sent her to a private file. She described possessing recovery, telephone, IP, device, login, account-creation, subscriber, and two-step-verification information. Those actions occurred after both ECF Nos. 93 and 97.

Receipt of an email stating that files were available was one event. Clicking the secure link, entering the private portal, retrieving files, downloading, backing up, printing, reviewing, investigating, and publicly displaying material were separate affirmative acts.

### IV. Plaintiff publicly used the resulting material.

Plaintiff displayed Google-branded correspondence, Google Legal Support communications, a mobile-device screen, and printed pages during her July 10 livestream. Ex. A-2, A-3(a) through A-3(e), and A-7(a) through A-7(b).

Plaintiff later threatened during the SammyReactsTV interview that, if Defendant filed concerning the production, Plaintiff would attach all Google documents to PACER so everybody could see them and identify Defendant.

The display and threat are relevant to:

- Knowledge;

- Willfulness;

- Purpose;

- Credibility;

- Bad faith;

- Need for preservation;

- Irreparable harm; and

- Prospective protective relief.

## V. Plaintiff acknowledged the stay.

During the SammyReactsTV interview, Plaintiff stated:

"That's not what I'm trying to do because it is a stay."

She acknowledged that additional discovery would violate the stay and answered "no" when asked whether the Court knew Google had answered.

These statements establish contemporaneous knowledge of the stay and undermine any claim of mistake.

## VI. No further subpoenas or discovery may occur while the stays remain active.

The Court should clarify that ECF Nos. 93 and 97 prohibit all further discovery in aid of execution, including:

- Issuing new subpoenas;

- Renewing or amending old subpoenas;

- Reissuing, transferring, converting, or domesticating subpoenas;

- Serving subpoenas;

- Pursuing compliance;

- Requesting production;

- Communicating with subpoena recipients to advance production;

4

- Accessing a production portal;

- Downloading or reviewing additional records;

- Investigating from the records; and

- Using the records to enforce the judgment.

Plaintiff should be required to obtain prior Court authorization before taking any such action.

## VII. Rule 45 notice remains unresolved.

Rule 45(a)(4) required notice and a copy before service of a subpoena commanding document production.

Defendant received no advance notice or subpoena copy. She also received no notice that Plaintiff was renewing, continuing, transferring, converting, or domesticating the process. Plaintiff should be ordered to identify the exact operative subpoena and the date and method of purported Rule 45 notice.

## VIII. Defendant's corrected community post is not proof of the production's contents.

Defendant's initial members-only post stated that certain personal identifiers did not appear to have been disclosed. That preliminary statement was based only on what Plaintiff had publicly shown.

Defendant did not possess the production.

After Plaintiff stated that she possessed multiple files and had not shown everything, Defendant promptly clarified that she could not confirm what was contained in the production. Ex. A-8(a) and A-8(b).

The corrected post expressly states:

"At this time, I do not possess the complete production and therefore cannot state exactly what information was produced."

That uncertainty supports an accounting. It does not waive Defendant's rights or establish that the production was harmless.

## IX. The material is security-sensitive even apart from Defendant's legal name.

Plaintiff publicly described recovery information, telephone information, IP data, device activity, login information, two-step-verification information, and account associations.

These categories can facilitate identity correlation, targeted phishing, social engineering, account-recovery abuse, attempted password reset, harassment, or account takeover.

NIST identifies impersonation and unauthorized access as digital-identity risks. CISA has documented threat actors' use of social engineering to obtain password and multifactor-authentication resets.

The Court should not require Defendant to wait for completed misuse before protecting nonpublic account data.

## X. A written show-cause procedure is appropriate.

Civil contempt requires clear and convincing proof of violation of a definite and specific order. *NLRB v. Bannum, Inc.*, 93 F.4th 973, 979–80 (6th Cir. 2024); *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).

Defendant requests that Plaintiff first respond in writing under oath. The Court may determine the matter on the papers where no material factual dispute remains.

If the Court concludes that testimony is necessary, Defendant requests a remote evidentiary proceeding.

## XI. Alternative sanctions are available for proven bad-faith conduct.

6

Courts possess inherent authority to address bad-faith abuse of judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991); *BDT Products, Inc. v. Lexmark International, Inc.*, 602 F.3d 742, 752–54 (6th Cir. 2010).

Threatening to publish an entire nonpublic subpoena production as the consequence for seeking judicial protection supports an inference of improper purpose and litigation intimidation.

Any compensatory monetary sanction should be causally tied to proven losses. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–10 (2017).

**REQUESTED RELIEF**

Defendant requests that the Court:

1. Require Plaintiff to respond in writing under oath to a show-cause order;

2. Require production of every subpoena version and the complete Google production;

3. Require a sworn chronology of every issuance, filing, service, transfer, conversion, domestication, Google communication, portal event, download, review, display, and transmission;

4. Require Plaintiff to identify every recipient;

5. Prohibit all additional subpoenas and enforcement discovery while ECF Nos. 93 and 97 remain active absent prior leave of Court;

6. Prohibit additional Google portal access or retrieval;

7. Preserve the $10,000 registry security and prohibit distribution pending further order;

8. Determine the matter on the papers; and

9. If necessary, conduct any conference or evidentiary proceeding by telephone or video.

Respectfully submitted,

7

/s/ Danielle Robertson

Danielle Robertson, Pro Se

4539 N. 22nd Street

Phoenix, Arizona 85016-4639

DaniRobertson@proton.me

Dated: July 13, 2026

**CERTIFICATE OF SERVICE**

I certify that on July 13, 2026, I served this motion and its supporting materials on Plaintiff

Kimberly Smith by ECF.

/s/ Danielle Robertson

Danielle Robertson