UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

Plaintiff,

vs.

DANIELLE ROBERTSON.,

Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**PROPOSED ORDER DIRECTING WRITTEN SHOW-CAUSE RESPONSE, SWORN SUBPOENA ACCOUNTING, AND CESSATION OF ALL ENFORCEMENT DISCOVERY**

**PROPOSED ORDER DIRECTING WRITTEN SHOW-CAUSE RESPONSE, SWORN SUBPOENA ACCOUNTING, AND CESSATION OF ALL ENFORCEMENT DISCOVERY**

Before the Court is Defendant's Motion to Enforce ECF Nos. 93 and 97.

Without deciding ultimate contempt or sanctions, the Court ORDERS:

1. **Written show-cause response.** Within seven days, Plaintiff shall respond in writing under oath and show cause why corrective, compensatory, coercive, contempt, or inherent-authority relief should not issue for post-ECF No. 93 or post-ECF No. 97 conduct involving the Google subpoena or production.

2. **Complete subpoena chronology.** Plaintiff shall identify every original, amended, corrected, renewed, reissued, transferred, converted, registered, or domesticated subpoena directed to Google, including:

1

a. Issuing court;

b. Compliance court;

c. Case number;

d. Signer;

e. Legal authority;

f. Date and time of issuance;

g. Date and time of filing;

h. Date and time of transmission and service;

i. Place of compliance; and

j. The document Google treated as operative.

3. **Documents attached.** Plaintiff shall attach every subpoena, application, clerk document, filing receipt, payment receipt, proof of service, process-server record, Google objection, response, correspondence, portal notice, file list, certificate, available hash list, access record, and download record.

4. **Rule 45 notice.** Plaintiff shall identify the date and method by which advance notice and a copy were provided to Defendant under Rule 45(a)(4). If no advance notice and copy were provided, Plaintiff shall state that expressly.

5. **Production accounting.** Plaintiff shall identify every file Google produced, including each file name, file type, date, size, description, certificate, manifest entry, and available hash value.

6. **Portal accounting.** Plaintiff shall identify every portal access, link activation, authentication event, preview, download, backup, screenshot, printout, review, search, investigation, display, transmission, and use occurring on or after May 19, 2026.

7. **Recipient accounting.** Plaintiff shall identify every person who received a page, screenshot, identifier, excerpt, summary, or other production-derived information, including the date, method, and substance of each transmission.

8. **Public displays and threatened filing.** Plaintiff shall identify:

a. Every Google-related document displayed during the July 10 broadcast;

b. Every page Plaintiff intended to attach to PACER;

c. Whether any PACER exhibit was drafted, prepared, uploaded, or circulated; and

d. Every person with whom Plaintiff discussed publication or disclosure.

9. **No further enforcement discovery.** While ECF Nos. 93 and 97 remain active, Plaintiff shall not, absent prior leave of Court:

a. Issue, serve, renew, reissue, amend, transfer, convert, domesticate, register, or enforce any subpoena for postjudgment discovery;

b. Pursue compliance with any existing subpoena;

c. Request additional production from Google or another nonparty;

d. Communicate with a subpoena recipient for the purpose of advancing production;

e. Access, retrieve, download, review, investigate from, transmit, or use postjudgment discovery; or

f. Conduct any discovery in aid of execution or other proceeding to enforce the judgment.

10. **Preservation.** Plaintiff shall preserve every relevant physical and electronic record, including emails, messages, portal information, devices, access logs, downloads, cloud copies, printouts, recordings, chats, and communications.

11. **Registry security.** The $10,000 deposited in the Court registry shall remain preserved and shall not be distributed absent further order.

12. **Community posts.** Defendant's preliminary and corrected community posts do not establish the contents of the Google production and do not waive Defendant's objections concerning the stay, Rule 45 notice, privacy, or protection of nonpublic information.

13. **Paper determination.** Plaintiff's sworn response and Defendant's permitted reply shall be submitted for determination on the papers. If the Court concludes that oral discussion or testimony is necessary, the Court will conduct a telephone or video proceeding unless otherwise ordered.

IT IS SO ORDERED.

Dated: _____   _____

LAURIE J. MICHELSON

UNITED STATES DISTRICT JUDGE