UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,
             Plaintiff,

vs.

DANIELLE ROBERTSON.,
             Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**ORDER REGARDING DEFENDANT'S EMERGENCY MOTION CONCERNING NEWLY DISCOVERED DISSEMINATION, PRESERVATION OF REGISTRY FUNDS, AND PROCEDURE FOR COMPENSATORY RELIEF**

**ORDER REGARDING DEFENDANT'S EMERGENCY MOTION CONCERNING NEWLY DISCOVERED DISSEMINATION, PRESERVATION OF REGISTRY FUNDS, AND PROCEDURE FOR COMPENSATORY RELIEF**

Before the Court is Defendant's Emergency Motion Regarding Newly Discovered Dissemination, for Preservation of Registry Funds, and to Establish a Procedure for Compensatory Relief.

The motion presents evidence concerning the continued dissemination and monetization of Plaintiff's Google-related statements, third-party republication and amplification, Defendant's resulting preservation and mitigation burdens, and the possible availability of compensatory or disgorgement relief if the Court finds a violation of ECF No. 93, ECF No. 97, or another applicable order. Without presently determining contempt, liability, causation, the amount or availability of any monetary remedy, or whether any award may be applied against funds presently held in the Court registry, the Court ORDERS:

1. PRESERVATION OF REGISTRY FUNDS

The $10,000 presently held in the Court registry shall remain preserved and

shall not be distributed until further order of the Court.

This paragraph maintains the status quo only. It does not alter the judgment, grant an immediate setoff, determine the pending appeal, or presently award any portion of the registry funds to Defendant.

2. DEFINITION OF RELATED BROADCASTS

For purposes of this Order, "Related Broadcasts" means:

a. Plaintiff's July 10, 2026 Google-related broadcast;

b. any later broadcast, clip, replay, panel discussion, members-only publication, audio recording, post, or other online content that displayed, replayed, quoted, summarized, or discussed Plaintiff's Google-related statements or the Google production;

c. any broadcast or publication discussing Defendant's identity, the YouTube account handles identified by Plaintiff, anticipated PACER disclosure, or information allegedly obtained from Google; and

d. any broadcast or publication for which Plaintiff received or solicited financial support in connection with the Google-related disclosure.

3. GENERAL EVIDENCE PRESERVATION

The parties shall preserve all evidence reasonably connected to the July 10, July 11, and July 12, 2026 broadcasts, the Related Broadcasts, and the dissemination of Plaintiff's Google-related statements, including:

a. complete and unedited recordings;

b. clips, excerpts, replays, drafts, and archived copies;

c. screenshots, titles, descriptions, dates, view counts, chats, comments,

and community posts;

d. emails, text messages, direct messages, social-media messages, panel

invitations, and backstage or private-panel communications;

e. communications concerning the Google subpoena, Google production,

Defendant's identity, the identified account handles, anticipated

disclosure, or proposed PACER filings;

f. communications concerning planned or anticipated broadcasts about

Defendant or the Google information;

g. communications concerning identity-theft, perjury, fraud, felony,

money-laundering, or other criminal accusations based upon Plaintiff's

Google-related statements;

h. records identifying persons who received, viewed, were shown, or were

told nonpublic information derived from the Google production; and

i. available metadata, transmission records, access records, and records

showing the creation, editing, deletion, restriction, or republication of

relevant materials.

The parties shall not delete, alter, overwrite, conceal, destroy, or permit the

routine automatic deletion of materials covered by this paragraph.

4. PRESERVATION OF COMMUNICATIONS WITH THIRD-PARTY

CREATORS

Plaintiff shall preserve all communications with persons who participated in,

hosted, replayed, commented upon, or publicly collaborated with Plaintiff

concerning Defendant or the Google-related disclosure.

The preserved communications shall include emails, text messages, direct messages, Discord communications, StreamYard or similar backstage messages, panel invitations, shared links, screenshots, recordings, and social-media communications concerning:

a. the Google subpoena or production;

b. Defendant's identity;

c. the YouTube account handles identified during Plaintiff's broadcast;

d. information expected or anticipated to become public;

e. possible or planned PACER disclosure;

f. planned broadcasts concerning Defendant;

g. information Plaintiff privately previewed, read, summarized, described, displayed, or discussed; and

h. any statement that a creator knew in advance what information would be disclosed.

This paragraph requires preservation only. It does not presently require public filing or production of private communications.

5. PRESERVATION OF YOUTUBE MONETIZATION RECORDS

Plaintiff shall preserve all YouTube records reasonably connected to monetization of the July 10, 2026 Google-related broadcast and the Related Broadcasts, including:

a. YouTube Studio analytics;

b. advertising-revenue reports;

c. Super Chat and Super Sticker records;

d. channel-membership records, including memberships begun, renewed, gifted, or promoted during the Related Broadcasts;

e. transaction histories and payout reports;

f. platform deductions and fees;

g. refunds and chargebacks;

h. sponsorship, affiliate, or promotional revenue specifically connected to the Related Broadcasts;

i. stream-specific revenue and engagement reports; and

j. records sufficient to determine gross receipts and net revenue reasonably attributable to the Google-related content.

Plaintiff shall preserve the records in their native electronic format when reasonably available.

6. PRESERVATION OF CASH APP AND OTHER DIRECT-PAYMENT RECORDS

Plaintiff shall preserve Cash App and other direct-payment records reasonably connected to the July 10, 2026 broadcast or the Related Broadcasts, including:

a. payments Plaintiff publicly acknowledged during the broadcasts;

b. payments containing messages referring to Google, the subpoena, Defendant, the identified accounts, Plaintiff's receipt of information, or anticipated public disclosure;

c. payment dates, amounts, transaction identifiers, and accompanying messages;

d. refunds or returned payments; and

e. records sufficient to distinguish broadcast-related payments from

   unrelated transactions.

Nothing in this Order presently requires Plaintiff to publicly file complete

financial-account statements or unrelated private transactions.

## 7. PRESERVATION CERTIFICATION

Within seven days after service of this Order, Plaintiff shall file a declaration

under penalty of perjury stating whether she has taken reasonable steps to

preserve the records identified in Paragraphs 3 through 6.

The declaration shall identify the general categories of records preserved but

need not publicly disclose private financial information, account credentials,

nonpublic personal identifiers, or the substantive contents of private

communications.

## 8. NO PRESENT FINDING OF PRIVATE TRANSMISSION

The Court makes no present finding that Plaintiff privately transmitted the

complete Google production to any third-party creator.

The Court also makes no present finding that every statement made by a

third-party creator is attributable to Plaintiff.

The Court reserves determination of whether Plaintiff previewed, summarized,

described, displayed, discussed, or transmitted any portion of the Google

production or production-derived information to another person.

## 9. NO PRESENT MONETARY FINDING

The Court makes no present finding that:

a. every payment displayed during the Related Broadcasts was made

because of the Google-related disclosure;

b. the visible Super Chat amounts represent Plaintiff's total revenue;

c. Plaintiff received any particular amount of advertising, membership,

   Cash App, or other revenue;

d. Plaintiff's gross receipts equal her net profit; or

e. Defendant is presently entitled to compensatory relief, disgorgement,

   or an offset.

Those issues are reserved pending a liability determination and an appropriate

evidentiary submission.

10. LIABILITY DETERMINATION RESERVED

The Court reserves determination of whether Plaintiff:

a. violated ECF No. 93;

b. violated ECF No. 97;

c. violated another applicable order;

d. continued discovery in aid of execution during an active stay;

e. engaged in sanctionable misuse of compulsory process;

f. improperly used or disclosed subpoena-derived information; or

g. engaged in conduct supporting compensatory or disgorgement relief.

Nothing in this Order constitutes a present contempt finding.

11. MONETIZATION ACCOUNTING FOLLOWING A LIABILITY

DETERMINATION

If the Court finds that Plaintiff committed a compensable violation, Plaintiff

shall, within fourteen days after that determination, submit a sworn accounting

of revenue reasonably attributable to the proven violation.

The accounting shall identify, to the extent applicable:

a. gross YouTube advertising revenue;

b. gross Super Chat and Super Sticker revenue;

c. gross channel-membership revenue attributable to the Related

Broadcasts;

d. Cash App or other direct payments expressly connected to the Related

Broadcasts;

e. sponsorship, affiliate, or promotional revenue attributable to the

Related Broadcasts;

f. platform fees and deductions;

g. refunds and chargebacks;

h. other documented expenses claimed as deductions; and

i. resulting net revenue or profit.

The accounting shall be supported by YouTube Studio reports, payment records,

transaction reports, or other competent documentation.

Private financial records shall be submitted under appropriate confidentiality,

redaction, or sealing procedures as directed by the Court and shall not be

publicly filed merely because of this Order.

12. DEFENDANT'S COMPENSATORY-LOSS SUBMISSION

If the Court finds a compensable violation, Defendant may submit an itemized

declaration within fourteen days after service of Plaintiff's sworn monetization

accounting.

Defendant's submission shall identify:

a. each claimed expense or loss;

b. the date and amount of each expense;

c. the person or provider paid;

d. the reason the expense was incurred;

e. the relationship between the expense and the proven violation; and

f. supporting receipts, invoices, payment records, account-security records, or other competent documentation.

Defendant may seek only losses reasonably and causally connected to the proven violation.

Nothing in this Order authorizes compensation for Defendant's own pro se legal time.

13. RESPONSIVE SUBMISSION

Plaintiff may respond to Defendant's itemized compensatory-loss submission within fourteen days after service.

Defendant may file a reply limited to compensation, causation, and the monetization accounting within seven days after service of Plaintiff's response.

14. REMEDIES RESERVED

After reviewing the parties' submissions, the Court will determine:

a. whether Defendant proved actual compensable losses;

b. whether the claimed expenses were reasonable and causally connected to the proven violation;

c. whether Plaintiff earned net profits causally attributable to the proven

violation;

d. whether compensatory relief, disgorgement, or another remedial sanction is legally available;

e. the amount of any award; and

f. whether any final award may lawfully be credited against or applied to funds otherwise distributable to Plaintiff from the Court registry.

15. NO IMMEDIATE ALTERATION OF JUDGMENT OR SETOFF

Nothing in this Order:

a. alters or vacates the April 15, 2026 judgment;

b. determines any issue pending before the Court of Appeals;

c. authorizes an immediate reduction of the judgment;

d. authorizes immediate withdrawal of funds from the Court registry;

e. determines that Defendant presently holds a judgment against Plaintiff; or

f. grants an immediate setoff.

The registry funds remain preserved solely to maintain the status quo while the Court determines the related enforcement and compensatory-relief issues.

16. APPELLATE JURISDICTION

If the Court determines that the pending appeal prevents it from granting any particular monetary or registry-fund relief, the Court reserves the ability to proceed as authorized by Federal Rule of Civil Procedure 62.1, including by deferring consideration, denying the requested relief, or stating that the motion raises a substantial issue or that the Court would grant relief upon an

appropriate remand.

17. CONTINUING DUTY TO PRESERVE

The preservation duties imposed by this Order remain in effect until further order of the Court, regardless of whether a particular broadcast, post, message, account, or payment record is later deleted, restricted, made private, suspended, or removed from public access.

18. REMAINING REQUESTS

Any request not expressly granted in this Order remains under advisement or is reserved pending the Court's consideration of Defendant's related enforcement and protective-relief motions.

IT IS SO ORDERED.

Dated: _____

_____

LAURIE J. MICHELSON

UNITED STATES DISTRICT JUDGE