UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH.,

          Plaintiff,

vs.

DANIELLE ROBERTSON.,

          Defendant,

Case No.24-cv-12213
Honorable Laurie J. Michelson
Magistrate Kimberly G. Altman

**DECLARATION OF
DANIELLE ROBERTSON**

### DECLARATION OF DANIELLE ROBERTSON

I, Danielle Robertson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am the improperly named Defendant in this action. I submit this declaration in support of Defendant's motion for an order to show cause and related preservative and protective relief.

2.      I use the captioned name because that is the name used in the case caption. Nothing in this declaration waives any objection concerning service, jurisdiction, party identity, name, privacy, anonymity, or appellate rights.

3.      This declaration is directed to Plaintiff's statements, Plaintiff's described conduct, and the subpoena and stay-related process issues.

4.      I have reviewed and preserved recordings, screenshots, transcripts, docket filings, and related materials concerning Plaintiff's postjudgment Google subpoena process and Plaintiff's July 10, 2026 public broadcast.

5.      I personally viewed and preserved Plaintiff's April 14, 2026 public broadcasts concerning postjudgment discovery and collection activity.

1

6. During those April 14 broadcasts, I heard Plaintiff state that she intended to pursue discovery, subpoena Google and banks, identify the captioned Defendant, and act before the judgment could be satisfied.

7. I did not receive advance notice or a copy of the April 15, 2026 Google subpoena before service.

8. A motion to quash concerning the Google subpoena was filed at ECF No. 83.

9. Google was thereafter advised that judicial relief had been sought and was provided the relevant stay orders.

10. I do not identify in this public declaration the person, account, email address, identifier, technical information, or method through which those materials were transmitted because those details are unnecessary to the contempt issue and could disclose protected identifying information.

11. I have not received advance notice or a copy of any amended, corrected, renewed, continuation, reissued, transferred, converted, domesticated, California, replacement, or other later Google subpoena or process.

12. I have not received records identifying the precise subpoena or process Google treated as operative when it released the July 2026 production.

13. I have not received proof that advance Rule 45 notice and a copy of the operative subpoena were provided before service on Google.

14. I personally viewed and preserved Plaintiff's July 10, 2026 public broadcast.

15. Exhibit B is a transcript of that July 10 broadcast. I reviewed the transcript while listening to the complete recording. The complete recording controls if there is any discrepancy between the transcript and the audiovisual record.

16.     During the July 10 broadcast, I heard Plaintiff state that "the stay was in."

17.     During the same broadcast, I heard Plaintiff state, in substance, that once the Court acted, "we had to stop."

18.     I heard Plaintiff state that the matter involved a Google subpoena and that Google had sent or released materials to her.

19.     I heard Plaintiff state that she "hurried up and clicked it" while discussing Google's secure production communication.

20.     I heard Plaintiff discuss Google's secure file-transfer or portal process and describe taking action to access the production.

21.     I heard Plaintiff state that she downloaded files from a private-file location.

22.     I heard Plaintiff state that she downloaded the production, backed it up, and printed it.

23.     I heard Plaintiff state that she acted during a "very small window."

24.     I heard Plaintiff state that she paid for subpoenas through other states and had to transfer the subpoena.

25.     I heard Plaintiff state that she hurried because the Court had not immediately ruled.

26.     I heard Plaintiff describe the later Google communication or production as an extension of April.

27.     I heard Plaintiff describe reviewing categories of nonpublic account or technical information from the Google production.

28.     I heard Plaintiff discuss further investigation based on information she said appeared in the production.

29.     I observed Plaintiff display a Google-branded document during the July 10 broadcast.

30.     I observed Plaintiff hold printed pages toward the camera during the July 10 broadcast.

31.    I observed Plaintiff display electronic text on a telephone during the July 10 broadcast.

32.    I observed Plaintiff display Google Legal Support communications and a legal-process subject line during the July 10 broadcast.

33.    Exhibit A contains screenshots that fairly and accurately depict portions of the July 10 broadcast as I viewed them.

34.    I do not contend that every word on every displayed page was legible to every viewer.

35.    The displayed materials could nevertheless be paused, enlarged, screenshot, zoomed, archived, extracted, or redistributed from the public broadcast.

36.    In a later recording, I heard Plaintiff make statements indicating that she was not releasing or divulging additional Google-derived information because an active stay remained in place.

37.    I do not offer Plaintiff's statement as a legal conclusion about the scope of the Court's stay orders. I offer it as evidence of Plaintiff's knowledge, understanding, credibility, and reason for acting.

38.    I also heard discussion concerning the possibility of attaching Google-derived information to court papers so that it would become publicly available.

39.    I have preserved later statements connecting threatened public filing or disclosure to Defendant's decision to report the alleged stay violation or seek contempt relief.

40.    I request that no unredacted Google production or production-derived identifying or technical information be placed on the public docket unless the Court first authorizes an appropriate sealed, redacted, or in-camera procedure.

41.     I have not received Plaintiff's complete subpoena records, transfer records, domestication records, Google communications, portal records, download records, backup records, print records, browser history, device history, recipient list, or storage records.

42.     I do not know which subpoena or process Google ultimately honored.

43.     Those facts should be reflected in records and communications within Plaintiff's possession, custody, or control, or in records available from the relevant subpoena and production process.

44.     I request preservation, secure sequestration, a sworn accounting, and prospective protection against further public disclosure or use pending the Court's review.

45.     The statements in this declaration are based on my personal knowledge, my review of the referenced public recordings, screenshots, transcripts, docket filings, and the materials I preserved.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 16, 2026, at

/s/ Danielle Robertson

Danielle Robertson

Defendant, Pro Se

4539 N 22nd St

Phoenix, AZ 85016-4639

DaniRobertson@proton.me