UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY SMITH., | Case No.24-cv-12213 |
| Plaintiff, | Honorable Laurie J. Michelson |
| vs. | Magistrate Kimberly G. Altman |
| DANIELLE ROBERTSON., | **DEFENDANT'S MOTION FOR LEAVE TO FILE SHORT SUPPLEMENTAL BRIEF REGARDING RULE 62(a) AUTOMATIC STAY** |
| Defendant, | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SHORT SUPPLEMENTAL BRIEF REGARDING RULE 62(a) AUTOMATIC STAY**

Defendant Danielle Robertson, proceeding pro se, respectfully requests leave to file the attached short supplemental brief clarifying the application of Federal Rule of Civil Procedure 62(a) to the April 15, 2026 Google subpoena activity discussed in Defendant's pending Motion for Order to Show Cause, ECF No. **107**

The requested supplement does not present a new motion, new claim, or unrelated theory. Defendant's pending motion already identifies April 15, 2026 as both the date judgment was entered and the date appearing on the disputed Google subpoena. The proposed supplement clarifies the legal significance of that timing and requests a precise chronology concerning whether any subpoena-related enforcement act occurred after judgment was entered and while Rule 62(a)'s automatic stay was operative.

Rule 62(a) provides that, unless the Court orders otherwise, execution on a judgment and proceedings to enforce it are stayed for thirty days after entry of judgment. Plaintiff's April 14 public statements, as described and cited in ECF No. 107, characterized the contemplated Google subpoena activity as postjudgment discovery intended to identify Defendant and facilitate enforcement of the judgment. The precise timing of preparation, issuance, transmission, service, receipt, and follow-up activity on April 15 therefore bears directly on whether the Google process began or continued during the automatic stay. Rule 69(a)(2) describes discovery from any person, including a judgment debtor, as discovery in aid of the judgment or execution.

Defendant seeks leave promptly because the Court may resolve the pending motion without oral argument and because Defendant wishes to ensure that the Rule 62(a) issue is presented before the Court determines whether to issue an order to show cause.

The proposed supplement is narrowly limited, does not repeat the full factual record, and does not prejudice Plaintiff. Plaintiff may address the Rule 62(a) issue in any response to the pending contempt motion or as otherwise directed by the Court.

The Court has authority to permit supplemental briefing when necessary to clarify an issue already presented. Because the attached supplement is narrowly directed to the timing of conduct already addressed in the pending motion, granting leave would promote an accurate and efficient determination without introducing a new claim or materially enlarging the dispute.

**CONCURRENCE**

Pursuant to E.D. Mich. LR 7.1(a), on July 16, 2026, Defendant sought Plaintiff's concurrence by email. Defendant explained that she sought leave to file a short supplemental brief clarifying the application of Rule 62(a) to the April 15 subpoena chronology. Plaintiff declined to concur.

Defendant respectfully requests that the Court grant leave and deem the attached short supplemental brief filed as of the date of the Court's order, or accept it for filing in whatever manner the Court directs.

Respectfully submitted,

/s/ Danielle Robertson
**DANIELLE ROBERTSON**
Defendant, Pro Se

Dated: July 16, 2026
DaniRobertson@proton.me
4539 N. 22nd Street
Phoenix, Arizona 85016-4639

I certify that on 7/17/2026, I served the foregoing Motion upon Plaintiff Kimberly Smith through CM/ECF

**EXHIBIT 1**

**PROPOSED SUPPLEMENTAL BRIEF REGARDING RULE 62(a) AUTOMATIC STAY**

Defendant respectfully submits this short supplement to clarify an issue already identified in Defendant's pending Motion for Order to Show Cause, ECF No. **107**

Judgment was entered on April 15, 2026. The disputed Google subpoena also bears an April 15, 2026 date.

Federal Rule of Civil Procedure 62(a) provides that, unless the Court orders otherwise, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry." Rule 69(a)(2) describes postjudgment discovery as discovery from any person, including the judgment debtor, in aid of the judgment or execution. The timing of any postjudgment subpoena activity therefore matters.

Plaintiff's April 14 statements indicate that the contemplated Google process was intended as postjudgment discovery to identify Defendant and facilitate enforcement of the judgment. Plaintiff stated that she intended to pursue discovery immediately, subpoena Google and other entities, and act before Defendant could satisfy the judgment. The pending motion cites those statements and explains their asserted enforcement purpose.

The April 15 chronology therefore matters.

Defendant does not ask the Court to find contempt based solely on the April 15 subpoena date. The point is narrower: if issuance, service, transmission, follow-up, correction, continuation, transfer, or other enforcement-related activity occurred after judgment was entered and during Rule 62(a)'s automatic stay, that timing is relevant to whether Plaintiff continued proceedings to enforce the judgment. Plaintiff is the party with access to the subpoena, service, payment, transmission, and Google-communication records necessary to clarify that chronology.

The current record does not establish the precise time when judgment was entered relative to when the Google subpoena was prepared, signed, issued, transmitted, served, received by Google, or pursued through follow-up communications. Defendant does not ask the Court to assume facts not yet established.

Defendant asks the Court to require Plaintiff to identify those facts under oath and produce the corresponding objective records.

Specifically, Plaintiff should be required to identify:

1. the exact time judgment was entered on April 15, 2026;

2. the time the subpoena was prepared;

3. the time it was signed or issued;

4. the time it was transmitted for service;

5. the time it was served;

6. the time Google received it;

7. the time Plaintiff or any agent first communicated with Google concerning compliance;

8. every subpoena-related act taken during the thirty-day Rule 62(a) period; and

9. every document, receipt, email, service record, payment record, or communication corroborating that chronology.

Defendant recognizes that preparation of a document before judgment would not necessarily constitute enforcement of a judgment not yet entered. The relevant question is whether issuance, service, transmission, follow-up, or other enforcement-related conduct occurred after entry of judgment and during Rule 62(a)'s automatic stay.

The automatic-stay issue also provides context for the later events. If the subpoena was issued, served, pursued, corrected, transferred, or kept active during Rule 62(a)'s thirty-day stay, Plaintiff should be required to explain whether the process was withdrawn, suspended, paused, or otherwise halted. If Plaintiff contends that every relevant act occurred before judgment or during a later unstayed interval, she should identify the precise dates and supporting records.

This supplement does not replace Defendant's principal argument concerning Plaintiff's later affirmative conduct after ECF Nos. 93 and 97. The July 10 portal access, downloading, backup, printing, review, identity investigation, public display, and threatened disclosure remain the principal alleged post-stay

acts. The Rule 62(a) issue concerns the beginning and continuation of the same asserted enforcement-discovery process.

Defendant therefore respectfully requests that the Court consider Rule 62(a) when determining whether to issue an order to show cause and require Plaintiff to provide a complete sworn chronology beginning April 15, 2026.

/s/ Danielle Robertson
**DANIELLE ROBERTSON**
Defendant, Pro Se
Dated: July 16, 2026

DaniRobertson@proton.me
4539 N 22ND ST
PHOENIX, AZ 85016-4639