UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH,

    Plaintiff,

v.

DANIELLE ROBERTSON,

    Defendant.

Case No. 24-12213
Honorable Laurie J. Michelson

---

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR CIVIL CONTEMPT [107]

---

On July 17, 2026, Defendant Danielle Robertson filed a motion to hold Plaintiff Kimberly Smith in civil contempt. (ECF No. 107.) Robertson claims that Smith has misused post-judgment discovery obtained through post-judgment collection efforts. (*See generally id.*) Smith did not file a timely response. E.D. Mich. LR 7.1(e)(1)(A) (providing a 14-day deadline). Thus, the motion is unopposed. E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response"). And any arguments Smith may have raised in response to the motion are now waived. *Becknell v. Univ. of Kentucky*, 383 F. Supp. 3d 743, 758 (E.D. Ky. 2019) ("the Sixth Circuit has explained that failure to oppose a motion shall constitute grounds for the Court to conclude that any arguments in opposition to said motion are waived") (citing *Humphrey v. United States Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008)). Accordingly, the unopposed motion is granted.

That leaves the determination of an adequate sanction. "The Court 'possesses broad discretion in enforcing civil contempt and in fashioning sanctions.'" *Blackwell v. City of Inkster*, 596 F. Supp. 3d 906, 916 (E.D. Mich. 2022) (quoting *Commodity Futures Trading Comm'n ex rel. Kelley v. Skorupskas*, 605 F. Supp. 923, 944 (E.D. Mich. 1985)). Thus, the Court hereby orders Smith to (1) cease and desist any further efforts at collection on the judgment, or obtaining discovery from parties or third parties regarding collection, pending resolution of the Sixth Circuit appeal (*see* ECF No. 87 (Robertson's amended notice of appeal)); and (2) cease and desist from using or publicizing any discovery that was previously obtained from a party or third party during either the 30-day period of the automatic stay or after the posting of the bond (*see* ECF No. 97, PageID.1119 ("On June 3, 2026, Defendant Danielle Robertson deposited $10,000 with the Court to secure the judgment entered against her")).)

Given that Robertson has posted security for the entirety of the judgment entered against her (*see id.*), should Smith prevail on appeal, she should not need to engage in collection efforts. And thus, she should not need to utilize any information obtained through post-judgment discovery to ensure that she can collect on the judgment.

IT IS SO ORDERED.

Dated: August 4, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

2