UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH,

Plaintiff,

v.

DANIELLE ROBERTSON,

Defendant.

Case No. 24-12213
Honorable Laurie J. Michelson

**ORDER DENYING DEFENDANT'S MOTION TO VACATE [82] AND DENYING AS MOOT MOTION FOR POST-JUDGMENT PROTECTIVE ORDER AND RELIEF FROM MISUSE OF COURT PROCESS [94]**

Defendant Danielle Robertson uses social media to make comments about others. She does so cloaked in anonymity. But this does not immunize her from liability. One of the targets of this commentary, Plaintiff Kimberly Smith, took issue with certain statements made about her and filed this defamation/invasion of privacy and copyright infringement case. Robertson evaded service, failed to properly and timely respond to the complaint, filed numerous improper motions without formally appearing, and failed to attend the hearing on Smith's motion for default judgment during which the Court ruled that Smith was entitled to limited damages on the defamation/invasion of privacy claim. That led to additional motion practice by Robertson, even though she continues to insist she has never appeared in the case and the Court has repeatedly instructed her that the Local Rules generally prohibit that practice. One of these post-judgment motions seeks to vacate the default

judgment and limit post-judgment discovery. (ECF Nos. 82, 94.) The Court will address each request after a brief history of the case.

Robertson and Smith are YouTubers. Smith sued Robertson for copyright infringement and defamation/invasion of privacy for allegedly using her content and disparaging her reputation. (*See generally* ECF No. 1.) Robertson evaded service, so the Court allowed alternate service (ECF No. 31) and Smith complied with the Court's directive (ECF No. 51). The Clerk's Office entered default against Robertson when she failed to timely respond to the complaint. (ECF No. 39.) After denying Robertson's motion to set aside the Clerk's entry of the default (ECF No. 51), the Court noticed and conducted a hearing on Smith's motion for default judgment to assess damages. (ECF No. 52; Minute Entry Dated April 14, 2026.) Following that hearing, the Court entered a reduced default judgment in favor of Smith. (ECF No. 63.) More specifically, the Court awarded Smith $10,000 on her defamation/invasion of privacy claim and dismissed her copyright claim after Smith conceded that she did not have a copyright registration over the videos at issue. (ECF Nos. 62, 63.)

## I.

Robertson moves to vacate the default judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 82.) This is not Robertson's first Rule 60(b) motion. (ECF Nos. 75 (Robertson's motion), 81 (the Court denying that motion).) Rule 60(b) is not intended for parties who forfeit arguments to then raise them later after having the benefit of court rulings. It is not to be used to raise arguments that could have been raised before judgment was entered or in a prior Rule 60(b) motion. Indeed, "Rule

60(b) is not a vehicle to give the losing litigant a second bite at the apple." *Kline v. Mortgage Elec. Registration Sys.*, 704 F. Appx. 451, 466 (6th Cir. 2017); *see also Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." (citation omitted)). Thus, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). That is, relief under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000). The party seeking relief under Rule 60(b) "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Robertson grounds her motion to vacate the default judgment on the propriety of money damages the Court awarded to Smith. (*See generally* ECF No. 82.) Those concerns are both meritless and untimely. To start, the Court adhered to the general law that "default judgments do not establish damages." *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022). Federal Rule of Civil Procedure 55(b)(2) provides that "to enter or effectuate judgment," the Court may hold a hearing to "conduct an accounting" or "determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(A)–(B). That is what the Court did. And it gave Robertson

ample notice and an opportunity to be heard on the damages issue. (ECF No. 58, PageID.585 ("Both parties are also proceeding *pro se*. If they intend to make arguments about the important issue of damages, the Court wants to assess their credibility in person.").) Both parties were directed to attend that hearing. (ECF No. 57, PageID.583–84; *see also* ECF No. 52.) And Robertson was aware of that hearing. (*See, e.g.*, ECF No. 58, PageID.584 ("There is no doubt that Robertson received that notice [to appear at the hearing] because 11 days before the in-person hearing—and 17 days *after* the Court noticed that hearing—Robertson moved 'to appear telephonically or by-audio only remote means.'") (citing ECF No. 57).) She does not get to now make all the arguments she could have made at the proper time and call it "new evidence."

Nonetheless, despite significant doubts about its propriety, the Court will once again address another of Robertson's Rule 60(b) motions.

**A.**

Robertson presents various arguments that "the Court narrowed damages to the Housing Commission Letter[,]" correspondence that Robertson sent to the Detroit Housing Commission about Smith (ECF No. 1, PageID.14), and so "[a]ny damages review tied to the letter should therefore exclude information not visible in the exhibit." (ECF No. 82, PageID.913, 915, 921 ("the damages award is unsupported because the hearing-stage harms were not pleaded or proven with reasonable certainty").) Robertson's premise is incorrect. After lengthy questioning at the hearing, the Court concluded that Smith adequately pleaded "false and defamatory

statements made to the Detroit Housing Commission *and other government entities*." (ECF No. 64, PageID.666 (emphasis added); *see also id.* at PageID.655 ("[t]he law requires [the Court] to give a liberal construction to Ms. Smith's pleading as a *pro se* litigant and not to engage in formulaic recitations.").) Put differently, the Court's damage analysis was broader than just that letter and included the effects on Smith from Robertson's admitted actions. (ECF No. 64, PageID.666 (the Court summarizing Smith's "issues with sleeping[,]" that she has been "humiliated and missed work[,]" that "[s]he has been harassed and called in the middle of the night[,]" that "[s]he has felt overwhelmed to the point that she has sought psychiatric care and treatment and has suffered emotional distress.").) Robertson's arguments on this theme thus fail.

**B.**

Robertson also argues that "the Complaint['s] exhibits do not support" the Court's conclusion that she "accused [Smith] of 'fraud and having a felony conviction.'" (ECF No. 82, PageID.913 (citing ECF No. 81, PageID.899).) But by virtue of the default entered against her, Robertson admitted the well-plead factual allegations in the complaint. (ECF No. 81, PageID.897.) Those included Smith's plausibly plead allegations that Robertson "falsely accused [her] of having a felony" and that Robertson complained to the Detroit Housing Commission about Smith's fraudulent housing practices. (ECF No. 1, PageID.4, 14.) Accordingly, Robertson's argument about the complaint's exhibits also fails.

**C.**

Robertson next questions whether Smith's complaint adequately established actual malice sufficient to sustain the damages awarded for the defamation/invasion of privacy claim. (ECF No. 82, PageID.916–921.) On this front, Roberston argues that "non-economic damages exceed the pleadings because the complaint pleaded, at most, negligence" and that "liberal construction cannot supply unpleaded actual malice." (*Id.*) But a Rule 60(b) motion is not the time or place for this argument. During the hearing, the Court heard unrebutted testimony from Smith about the harm she experienced as a result of Robertson's admitted actions. The Court was given no reason to disbelieve it. The Court ultimately determined that Smith showed that Robertson's "actions demonstrate[d] reckless disregard for the truth." (ECF No. 64, PageID.666 (analyzing damages available for defamation/invasion of privacy claim).) And that again was after "giving a liberal construction to the complaint." (*Id.*) Nor does the complaint have to detail every aspect of damages. *See* Fed. R. Civ. P. 8(a)(3). So Robertson's after-the-fact arguments about the plausibility of Smith's complaint for satisfying actual malice fail.

**D.**

Lastly, Robertson's argument regarding "new" evidence. (ECF No. 82, PageID.925.) She relies on "newly discovered" screenshots from somebody named "Queen Tulsa." (*Id.*) But Rule 60 is expressly limited to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Robertson makes no such

showing. Moreover, as mentioned, a Rule 60(b) motion "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Arsan v. Keller*, 784 F. App'x 900, 917 (6th Cir. 2019). Thus, this argument does not warrant relief under Rule 60(b).

**II.**

The Court now turns to Robertson's motion for a protective order to limit post-judgment discovery. (ECF No. 94.) The Court already ordered Smith to "cease and desist any further efforts at collection on the judgment, or obtaining discovery from parties or third parties regarding collection" until the Sixth Circuit rules on Robertson's appeal. (ECF No. 112, PageID.1995 (citing ECF No. 87 (Robertson's amended notice of appeal)).) And "[g]iven that Robertson has posted security for the entirety of the judgment entered against her," the Court has already explained, "should Smith prevail on appeal, she should not need to engage in collection efforts" or use any information already obtained. (*Id.* (citing ECF No. 97, PageID.1119 ("On June 3, 2026, Defendant Danielle Robertson deposited $10,000 with the Court to secure the judgment entered against her")).) Thus, the motion is DENIED AS MOOT.

**III.**

For the reasons provided above, Robertson's motion to vacate (ECF No. 82) is DENIED and her motion for a post-judgment protective order (ECF No. 94) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: October 22, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE